(May 13, 1893.)

## FAHEY v. BELCHER.

[32 Pac. 1135.]

PRACTICE—DISMISSAL OF APPEAL.—A dismissal of an appeal for failure to file transcript is a bar to another appeal, unless such dismissal is made without prejudice to a second appeal.

(Syllabus by the court.)

APPEAL from District Court, Lemhi County.

This cause was dismissed for the reason that the transcript was not filed within the time required by the rules of the court.

No briefs were filed on motion to dismiss.

SULLIVAN, J.—In this case judgment was rendered by the court below on the twenty-ninth day of May, 1891. An appeal to this court was perfected on the fourteenth day of September, 1891. On the eleventh day of January, 1892, respondent moved to dismiss the appeal, on the ground that a transcript of the record had not been filed within the time required by rule 4. The motion was granted, and the case dismissed on January 12, 1892. On the twenty-fifth day of January, 1892, appellants moved to reinstate the cause, and on February 15, 1892, the application to reinstate was denied. The decision denying said application is reported in *Fahey v. Belcher*, ante, p. 355, 29 Pac. 112. It appears that on the fifth day of April, 1892, appellants presented the transcript in this case to the clerk of this court, and requested that he file the same, which was done. The cause was thereafter placed on the calendar for hearing. On March 14, 1893, it was submitted on the brief of appellants, and taken under advisement. The order made on January 12, 1892, dismissing the appeal, did not expressly provide that said cause was dismissed without prejudice to another appeal. Section 4823 of the Revised Statutes of 1887 provides as follows: The dismissal of an appeal is, in effect, an affirmance of the judgment or order appealed from, unless the dismissal is expressly made without prejudice to another appeal. In *Spinetti v. Brignardello*, 54 Cal. 521, under a statute identical with the

section above quoted, the court held that "the dismissal of an appeal for failure to file the requisite papers—unless expressly made without prejudice—is a bar to another appeal." (See, also, *Shannon v. Dodge,* 18 Colo. 164, 32 Pac. 61; *Garibaldi v. Garr,* 97 Cal. 253, 32 Pac. 170.) The dismissal of the former appeal was, in effect, an affirmance of the judgment. (Rev. Stats. 1887, sec. 4823.)

The court denied appellants' application to restore this cause to the calendar, and in defiance of such denial the counsel for appellants procured the filing of the transcript, and the placing of the case on the calendar. This kind of practice cannot be tolerated. The order submitting the case upon its merits is set aside, this appeal dismissed, and the judgment of the court below affirmed; costs of this appeal in favor of respondent.

Huston, C. J., and Morgan, J., concur.