[S. F. No. 622.    Department Two.—July 8, 1897.]

IN THE MATTER OF THE ESTATE OF WILLIAM SMITH, DECEASED. JEREMIAH LYNCH, ADMINISTRATOR, ETC., APPELLANT, v. WALTER S. THORNE, RESPONDENT.

ESTATES OF DECEASED PERSONS—INSOLVENT ESTATE—ORDER FOR PAYMENT OF CLAIMS—POWER OF COURT.—In the case of an insolvent estate of a deceased person, a valid order for the payment of a claim of a particular creditor, whether or not his claim be preferred, cannot be made except upon the settlement of an account of the administrator, after notice given as prescribed by the code.

ID.—PREFERRED CLAIM—ADJUDICATION—PREMATURE ORDER FOR PAYMENT—APPEAL BY ADMINISTRATOR.—An order directing a payment of a preferred claim is appealable, notwithstanding a previous adjudica-

tion that it is a preferred claim, from which no appeal has been taken; and where the estate is insolvent, and such order is made before the amount of the distributable estate is ascertained, and the accounts of the administrator settled, the administrator has a right of appeal therefrom, as being a party aggrieved by the premature order, and such order will be reversed upon his appeal.

APPEAL from an order of the Superior Court of the City and County of San Francisco directing the payment of a claim against the estate of a decedent. J. V. COFFEY, Judge.

The facts are stated in the opinion of the court.

*H. N. Clement*, and *Lloyd & Wood*, for Appellant.

*Andrew Thorne*, for Respondent.

McFARLAND, J.—This is an appeal by Jeremiah Lynch, as general administrator with the will annexed of the estate of William F. Smith, deceased, from an order of the superior court made April 24, 1896, directing him to pay a certain claim of Walter S. Thorne for one thousand four hundred and fourteen dollars and sixty-nine cents, which he alleges to be a preferred claim under subdivision 4 of section 1643 of the Code of Civil Procedure, because of a judgment rendered against the decedent in his lifetime. It appears from the transcript that there had been previously a proceeding instituted for the purpose of determining whether Thorne's claim was a preferred claim, and, if so, whether a certain claim of Mrs. Eudora V. Smith was also a preferred claim upon a similar judgment; and that on December 24, 1895, an order had been made adjudicating that Thorne's claim was a preferred claim and that Mrs. Smith's was not, and that Thorne's claim be paid in due course of administration. From that order there has been no appeal. The order of April 24, 1896, which is appealed from, recites that the administrator has in his hands one thousand nine hundred and fifty-four dollars and forty-two cents, and directs that the claim of Thorne be paid by the administrator "forthwith." The estate is insolvent.

Respondent Thorne moves to dismiss the appeal upon two grounds: 1. That the second order of April 24th is not appealable, and that the appeal should have been from the first order of December 24th, 1895; and 2. That the administrator is not a party aggrieved, and therefore has no right of appeal from the order.

1. The order being for the payment of a debt or claim is expressly made appealable by subdivision 3 of section 963 of the Code of Civil Procedure. Whether or not the order of December 24, 1895, could or should have been appealed from is a question not before us.

2. If, upon the settlement of the account of the administrator, when all the creditors had been brought before the court by statutory notice, there had been a marshaling of the assets, and the court had made an order or decree specifying the amount to be paid each creditor, it might be argued then with great force that the administrator had no right of appeal if the only question was between two creditors as to whether both had preferred claims. In such a case the defeated creditor, or any creditor feeling aggrieved, would be the party interested, and being before the court would be in a position to himself assert his rights. But that state of facts does not appear here. In this case there had been no settlement of the accounts of the appellant administrator, and the time for the order or decree above referred to had not arrived. There had simply been a settlement of a former administratrix with the present administrator. One of the points made by the appellant in the bill of exceptions is "that the said order was prematurely made . . . the amount of the distributable estate not yet having been ascertained." Section 164C of the Code of Civil Procedure provides: "The executor or administrator, as soon as he has sufficient funds in his hands, must pay the funeral expenses and expenses of the last sickness and the allowance made to the family. He may retain in his hands the necessary expenses of administration, but he is not obliged to pay *any other debt* or legacy un-

til, as prescribed in this article, the payment has been ordered by the court." Section 1647 provides: "Upon the settlement of the accounts of the executor or administrator, as required in this chapter, the court must make an order for the payment of the debts, as circumstances of the estate require. If there is not sufficient funds in the hands of the executor or administrator the court must specify in the decree the sum to be paid to each creditor." And section 1633 provides: "When any account is rendered for settlement, the court, or a judge thereof, must appoint a day for the settlement thereof; the clerk must thereupon *give notice thereof* by causing notices to be posted in at least three public places in the county, setting forth the name of the estate, the executor or administrator, and the day appointed for the settlement of the account. The court, or a judge thereof, may order such further notice to be given as may be proper." It is apparent, therefore, that—at least in the case of an insolvent estate—a valid order for the payment of the claim of a particular creditor, whether or not his claim be a preferred claim, cannot be made except upon the settlement of an account of the administrator after notice given as prescribed by the code. Otherwise the other creditors would not be bound by the order; and if the administrator should obey it he would do so at his peril. The appellant, therefore, was directly interested in the order appealed from, and has the right to appeal from it within the principle stated in the opinion of Henshaw, J., in *Estate of Welch*, 106 Cal. 427. The motion to dismiss the appeal is denied.

The action of the court in directing the payment of the claim of Thorne was, for the reasons above given, premature and invalid.

The order of April 24, 1896, appealed from is reversed.

TEMPLE, J., and HENSHAW, J., concurred.

Hearing in bank denied.