[S. F. No. 1085.  Department Two.—May 27, 1898.]

In the Matter of the Estate of JOSEPH SPANIER, Deceased.

ESTATES OF DECEASED PERSONS—ACCOUNT—PAYMENT OF PART OF DISPUTED CLAIM.—Where a disputed claim against the estate of a deceased person was allowed in part, and rejected in part, and the allowance was not accepted by the claimant, but an action was brought upon the whole claim, which was pending upon appeal, the court had no jurisdiction to order payment of the allowed portion of such disputed claim, in advance of the settlement of the administrator's account, and without statutory notice of such order given in the manner provided for the settlement of accounts; and such order being invalid cannot be conclusive, nor bind the court upon settlement of the final account of the administrator, to allow credit therein for a payment made by the administrator pursuant to such order.

ID.—CONTEST OF ACCOUNT OF PREDECESSOR.—It is the duty of an administrator to protect the estate against the unlawful claims of creditors, and it is the duty of the court to do so at the suggestion of any person, or upon its own motion; and a subsequent administrator may contest the allowance of an item in the final account of a previous administrator, and may join with a nonresident heir in contesting such item, and in supporting upon appeal the action of the court in rejecting it.

APPEAL from an order of the Superior Court of the City and County of San Francisco settling the final account of a prior administrator.   J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

R. F. Mogan, for Appellant.

I. J. Maccabe, for Administrator, Respondent.

G. Gutsch, for Nonresident Heir, Respondent.

McFARLAND, J.—This is an appeal by A. C. Freese, former administrator of the estate of Joseph Spanier, deceased, from an order of the superior court entered September 21, 1896, settling his final account as such administrator. The transcript consists of fragments taken from the general history of the administration of said estate, and does not very clearly show the facts upon which the litigation has arisen.

The appeal involves merely one item of $150, claimed to have been paid by appellant to one Charles Frank, which item the court refused to allow as a credit. The only objection made in the court below to the refusal to allow this item was, "because the same was paid by said Freese by order and direction of the said court dated April 6, 1896."

The facts about this item of $150, as they may be dimly seen in the transcript, appear to be as follows: Charles Frank, some time in 1890, presented a claim against the estate for $505.50, for "money loaned by claimant to decedent." The transcript contains an order of court made September 23, 1891, which, after reciting that something that is there called "the matter of the opposition to the claims" of said Frank, and of certain other claimants, had come on to be heard, orders that the claim of Frank be allowed for $150, and rejected for all the remainder of the $505.50. It is difficult to understand exactly what this proceeding was, for the code does not seem to provide for the trial of an "opposition to claims," except upon the settlement of an administrator's account; but, although the order is recited as having been made by "the court," it may be treated as an order by the judge approving the claim of Frank for $150 and rejecting it for the rest. Frank did not accept the allowance of $150, but immediately brought suit in another department of the superior court against the administrator, who was then J. C. Pennie, for the whole of the claim; judgment in that suit went against appellant for the whole claim; he appealed to this court; and the appeal was still pending when the order from which the

present appeal was taken was made. Proceedings were instituted to remove the appellant from the administratorship of the estate, which resulted in his removal and the appointment of John W. Moffitt as his successor, who qualified on May 12, 1896. While those proceedings were pending, and while the said appeal was also pending, the court, on April 6, 1896, made an order that Freese, administrator, "immediately pay" to Frank the $150. This order recites that by the order of September 23, 1891, Frank's claim was allowed for $150, that no part of it had been paid, that there were sufficient funds in the hands of Freese to pay it, and that the order of September 23d was in full force and effect, but does not recite that any notice of an application for the order had been given to any person, or that any person interested had appeared, or was present when the order was made; and this is the order referred to by appellant in his specification of error in the transcript as "the order and direction of the said court dated April 6, 1896." Immediately after the making of the order appellant paid the $150 to Frank's attorney. This was after the filing of his main final account, but for the purpose of charging this $150 thus paid he filed a supplemental account in which he placed it. On June 17, 1896, the present administrator, Moffitt, filed a verified petition to have said order of April 6th set aside upon various grounds; and, after a hearing, the court, on July 30, 1896, made an order canceling and vacating said order. We have stated the foregoing facts because counsel in their briefs refer to them; but in our view many of them are immaterial.

It will be observed that there is no question here as to whether the Frank claim was, or was not, a meritorious claim; if that were the question the record would present no ground for attacking its rejection by the court. The whole contention of appellant is that it was ordered paid by the order of April 6, 1896, and therefore the court erred in not allowing it in settling appellant's account. But the order of April 6th was one which the court had no power to make, and therefore invalid. With the exception of section 1513 of the Code of Civil Procedure, which relates to certain interest bearing debts and does not apply to the case at bar, there is no provision of the probate law to which

our attention has been called which gives the court power to order any particular debt paid prior to the settlement of the administrator's account—except that, perhaps, under section 1646, claims for expenses of funeral or last sickness, or family allowance, might, in certain cases, be ordered paid before such settlement.  The "payment of debts of the estate" is provided for in the article of the code which begins with section 1643; and section 1647 provides that "upon the settlement of the accounts of the executor or administrator, as required in this chapter, the court must make an order for the payment of the debts as circumstances of the estate require." Sections 1633 and 1634, of the same chapter, provide that notice of the day on which the settlement of any account is to be heard must be given in the manner prescribed in said sections; and it is quite apparent that if such notice be not given there can be no valid settlement of the account, and consequently no valid order made for the payment of a claim like that of Frank.  The code seems to contemplate an order for the payment of a debt only upon the settlement of the administrator's account, but if it be assumed that such an order could be made before such settlement, still it would clearly be of no force if made without notice. Therefore, under any view, the order of April 6th here relied on was invalid, because it appears affirmatively that it was made without the statutory notice having been given, and without any notice of any kind to any person other than the attorney for appellant.  This is not a case where an administrator, having paid a just debt, asks to have it allowed in his account.  The court refused to allow the alleged debt as a credit in appellant's account, and there is no evidence in this record as to the character of the claim—although it appears incidentally in the case of *Frank v. Pennie,* 117 Cal. 254, referred to in the briefs, that it was a gambling debt.  The appellant rests entirely upon the conclusiveness of the said order of April 6th, which, as we have seen, the court had no power to make.  Under this view, it is unnecessary to discuss other points made by respondents.

Appellant's contention that the present administrator had no standing to contest the account, because he is not a person interested in the estate, is not maintainable; it is the duty of an administrator to protect the estate against unlawful claims of

creditors, and it is, also, the duty of the court to do so at the suggestion of any person, or on its own motion. The nonresident heir unites with the administrator in supporting the order appealed from.

The order is affirmed.

Henshaw, J., and Temple, J., concurred.