[S. F. No. 1405. Department One.—November 29, 1898.]

In the Matter of the Estate of WILLIAM F. SMITH, Deceased.

ESTATES OF DECEASED PERSONS — PREFERRED CLAIMS—ALLOWANCE OF ALIMONY PENDENTE LITE.—An allowance of alimony *pendente lite* in an action against a husband for permanent support of his wife, upon the alleged ground of desertion, is in the nature of a final judgment against the husband, and a claim presented against his estate after his decease for unpaid alimony, is a preferrred claim against the estate.

ID.—FORMER ADJUDICATION—JUDGMENT IN REM—ABSENCE OF STATUTORY NOTICE—JURISDICTION.—The superior court, sitting in probate, has no jurisdiction to adjudicate the question of the allowance of preferred claims against the estate of a deceased person in any other proceeding than a proceeding *in rem* in which the statutory notice to all the world has been given, such as is required upon the settlement of accounts against the estate.

ID.—VOID JUDGMENT BETWEEN TWO CLAIMANTS—ESTOPPEL.—A judgment rendered merely between two claimants of preferred claims against the estate, finding that one of them is a preferred claim and that the other is not, is not *res judicata* against the administrator of the estate of the unsuccessful party, in the absence of the statutory notice for the settlement of accounts, but is void by reason of lack of power in the court to render it, and no principle of estoppel can be invoked in such case.

APPEAL from an order of the Superior Court of the City and County of San Francisco settling the final account of an administrator and ordering distribution of the estate of a deceased person.   J. V. Coffey, Judge.

The facts are stated in the opinion of the court.

Lloyd & Wood, for Appellant.

Andrew Thorne, for Respondent.

GAROUTTE, J.—This appeal is prosecuted from an order of the court settling the final account and ordering distribution of the estate of William F. Smith, deceased. The estate was insolvent. The claim of Andrew Thorne being a preferred claim, upon the settlement of the account it was ordered that the money of the estate be applied to its payment. Lynch, ad-

ministrator of the estate of Eudora V. Smith, claiming that her estate also held a preferred claim against the estate of William F. Smith, appeals from the order made by the trial court. The only question presented by this appeal arises upon the contention of the administrator of her estate that the claim of that estate is also a preferred claim.

Is the claim presented by this administrator a preferred claim? Section 1643 of the Code of Civil Procedure provides: "The debts of the estate subject to the provisions of section 1205 must be paid in the following order: . . . . 4. Judgments rendered against the decedent in his lifetime, and mortgages in the order of their date." Was this claim based upon a judgment rendered against the deceased, William F. Smith, during his lifetime? The facts are these: Eudora V. Smith, his wife, brought suit against him for permanent support, alleging desertion. An order was made, *pendente lite*, allowing her alimony to the amount of one hundred dollars per month. At the time Smith died the action had not been tried upon its merits, but alimony had accumulated under this *pendente lite* order to the amount of about ten thousand dollars. Thereafter Eudora V. Smith died, and a claim against his estate to that amount is based upon these facts. This claim is a preferred claim under section 1643, *supra,* if this allowance of alimony *pendente lite* constitutes a judgment rendered against Smith. In *Sharon v. Sharon,* 67 Cal. 196, the identical question here presented was carefully considered. And in speaking as to a decree awarding alimony *pendente lite* the court said: "It certainly possesses all the elements of a final judgment. Nothing remained to be done except to enforce it, and for that purpose an execution might issue and be proceeded on, as if the judgment had been rendered in an ordinary action for the recovery of a specific sum of money." A judgment is defined by the code as a final determination of the rights of the parties in an action or proceeding. The decree in this case is to all legal intents and purposes a judgment, and not only a judgment, but, as to all matters upon which it takes effect, a final judgment. For as to those matters the litigation, as far as the trial court is concerned, has fully and completely ended. If the decree to pay alimony is a final judgment—so final as that

an appeal to this court may be taken from the decree—and such is the law declared in *Sharon v. Sharon, supra,* then the order in this case decreeing the payment of alimony is a final determination of the rights of the parties as to the matters with which it deals. It follows that the alimony accrued under the order of the court is a judgment rendered against the decedent, Smith, during his lifetime, and, consequently, a preferred claim against his estate.

It is next insisted that the question as to the dignity of the claim presented by the administrator of the Estate of Eudora V. Smith, deceased, as to its being a preferred claim, is *res adjudicata* against her estate. This contention is rested upon the following state of facts: In the year 1895, and during the administration of the estate of William F. Smith, deceased, upon a citation issued to the administrator of his estate at the instance of Walter Thorne, who held a preferred claim against the estate, and upon consent of Thorne and said Lynch, as administrator of both estates, the question was litigated before the court, sitting in probate, as to the respective status of Thorne's claim and this claim, and the court upon such hearing adjudged and decreed that the Thorne claim was a preferred claim, and the alimony claim was not a preferred claim. That adjudication has never been questioned in any way, and is a perpetual bar to appellant's prosecution of this proceeding and this appeal, if the court had authority under the law to litigate the matter at that time. This order of the court was based upon a hearing had without notice. Devisees, heirs, and legatees were directly interested in the matter under consideration. Other creditors were likewise interested, and neither creditors, heirs, devisees, nor legatees had any notice whatever of the hearing and determination establishing the respective priority of these two claims. If a decree rendered under such circumstances is binding upon the world, then a decree settling the final account of an administrator, made without notice, would be binding. Two interested parties by stipulation attempt to give the court jurisdiction to hear and determine a matter in which many other parties are equally interested. This cannot be done. A hearing of the question here involved contemplates notice to the world. It is a proceeding *in rem,*

and without notice to all the world the court has no jurisdiction to act. In such a proceeding, it cannot be said that the court had jurisdiction over some of the parties, and that as to those the judgment is final and conclusive. The court only has jurisdiction over the subject matter when the whole world is served with statutory notice. This question was incidentally touched upon when this case was heard upon a former appeal (*In re Smith*, 117 Cal. 505), where it was held that the claim of Thorne could not be paid under the order of the court made without the statutory notice required to be given upon the settlement of the administrator's accounts. If an order to pay the claim must fall because made without statutory notice, then an order adjudging a claim a preferred claim must likewise fall. *Estate of Spanier*, 120 Cal. 698, is directly in line with the last case cited. There is no specific provision found in the code providing the procedure to be followed in adjudicating upon claims alleged to be preferred, but it is clearly apparent from the various provisions of the code that such matters should be litigated at the same time and under the same notice that is required upon the settlement of accounts. At that time the assets are marshaled and orders may then be made for the payment of the various debts, and these orders of payment necessarily include a determination as to what claims are preferred. It follows that the order here claimed as constituting matter *res adjudicata* is void by reason of lack of power in the court to make it. Neither do we see any principle of estoppel involved in the proceeding which might be successfully urged against the administrator of Mrs. Smith's estate.

There is no merit in the remaining positions taken by respondent in his brief, and for the foregoing reasons the order is reversed.

Harrison, J., and Van Fleet, J., concurred.

Hearing in Bank denied.