(November 12, 1908.)

## TAYLOR B. WEST, Respondent v. WALTER GRANT DYGERT, Appellant.

[97 Pac. 961.]

DISMISSAL OF APPEAL WITHOUT PREJUDICE—AFFIRMANCE OF JUDGMENT —SECOND APPEAL.

1. Under the provisions of sec. 4823 of the Rev. Stat., the dismissal of an appeal for failure to furnish an undertaking is an affirmance of the judgment from which such appeal was taken, unless the order of dismissal be ''expressly made without prejudice to another appeal.''

2. Where one appeal has been taken from a judgment and has been dismissed by the court without any reservation in the order that the dismissal is without prejudice to another appeal, the order of dismissal works an affirmance of the judgment and a second appeal therefrom will be dismissed.

(Syllabus by the court.)

APPEAL from the District Court of the Second Judicial District for the county of Nez Perce. Hon. Edgar C. Steele, Judge.

Action for debt. Judgment for plaintiff, and defendant appealed. *Appeal dismissed.*

Walter Grant Dygert, Appellant, in *propria persona,* cites no authorities on points decided.

I. N. Smith, for Respondent.

The dismissal of the former appeal was, in effect, an affirmance of the judgment. (Sec. 4823, Rev. Stat. 1887; *Fahey v. Belcher*, 3 Ida. 644, 32 Pac. 1135.)

This being true, no second appeal will lie, as the former affirmance is the law of the case. (*Lindsay v. People*, 1 Ida. 438; *Palmer v. Utah & Northern Ry. Co.*, 2 Ida. 382, 16 Pac. 553; *Hall v. Blackman*, 9 Ida. 555, 75 Pac. 608.)

AILSHIE, C. J.—This case is here for the second time on appeal. The first appeal to this court was dismissed on November 27, 1907 (*West v. Dygert*, 13 Ida. 641, 92 Pac. 753), for the reason that no undertaking on appeal had ever been filed in accordance with the provisions of sec. 4808, Rev. Stat. A motion has been made to dismiss this appeal on several grounds, one of which is that the judgment in question is *res adjudicata,* for the reason that the previous appeal was dismissed without any provision to the effect that the same was "without prejudice to another appeal." Sec. 4823 of the Rev. Stat. provides as follows:

"The dismissal of an appeal is in effect an affirmance of the judgment or order appealed from, unless the dismissal is expressly made without prejudice to another appeal."

In *Fahey v. Belcher,* 3 Ida. 644, 32 Pac. 1135, this court held that the dismissal of an appeal for failure to file transcript is a bar to another appeal, unless such dismissal is specifically made without prejudice to a second appeal. So

far as we are advised, the rule announced in that case has never been modified or overruled by this court. The former appeal in this case had been taken in conformity with the provisions of sec. 4808, but was dismissed because no undertaking had been filed as provided by the latter provisions of that section of the statute. The order dismissing the appeal was not "expressly made without prejudice to another appeal." In order to have reserved to the appellant the right of another appeal and prevent the judgment becoming a final judgment, it would have been necessary for this court to have made the order *expressly* provide that the dismissal of the appeal was "without prejudice to another appeal." It should be borne in mind that in the former appeal the notice of appeal had been filed and served and the *appeal* had therefore been taken. It was rendered *ineffectual*, however, by reason of the appellant failing to give the undertaking provided for in sec. 4808. It is unnecessary for the court to consider any of the other grounds of the motion for dismissal of the appeal. The dismissal of the former appeal was an affirmance of the judgment. The judgment from which this appeal is attempted to be taken is *res adjudicata* and final, and this appeal will therefore be dismissed, and it is so ordered. Costs awarded to respondent.

Sullivan, J., and Stewart, J., concur.