(May 1, 1913.)

## ADELADE KENT et al., Appellants, v. H. H. DALRYMPLE and A. B. DALRYMPLE, Administrators of the Estate of ORSON DALRYMPLE, Deceased, Respondents.

[132 Pac. 301.]

APPEAL—FROM PROBATE COURT TO DISTRICT COURT—TRIAL DE NOVO.

1. Where an appeal is taken from the probate court to the district court in a probate matter on both questions of law and fact, the district court is required to try such matters anew, or *de novo*, upon the issues presented to the probate court. If the district court reverses the probate court on questions of law, the issues of fact are not to be tried; if the district court sustains the probate court, upon questions of law which do not require a dismissal of the case, then the questions of fact should be tried by the district court *de novo*.

2. Sec. 5600, Rev. Codes, provides that on the day appointed, or any subsequent day to which the hearing may be postponed by the court, any person interested in the estate may appear and file his exceptions in writing to the account, and contest the same.

3. Sec. 5598, Rev. Codes, provides that when an account is rendered for settlement, the court or judge must appoint a day for the settlement thereof, and notice must be given.

4. Where issues of law and issues of fact are presented by proper motions and pleadings filed in a cause pending in the probate court in probate matters, it is the duty of the probate judge to pass upon such issues in the order presented, and it is error for the court to refuse to determine such issues, and when an appeal is taken to the district court upon issues of law and fact, it is the duty of the district judge to pass upon the same issues tried in the probate court, and the refusal to pass upon such questions is reversible error.

APPPEAL from the District Court of the Fifth Judicial District for Bear Lake County. Hon. J. M. Stevens, Presiding Judge.

An appeal from the judgment of the district court affirming the judgment of the probate court in refusing to consider objections to the report of the administrators of an estate. Reversed

T. L. Glenn and John A. Bagley, for Appellant.

The statute, under the constitution, grants to the district court appellate jurisdiction to retry only the same issues of law and fact as were heard and determined by the probate court. (*Estate of McVay,* 14 Ida. 68, 93 Pac. 31.)

When exceptions and objections are filed to the allowance of a claim against the estate, the issue thus presented should be heard and tried by the probate court, and until heard and tried is pending in the probate court. (*Estate of Coryell,* 16 Ida. 202, 101 Pac. 723.)

The probate court refused to consider the objections filed and refused, and failed to consider or approve the alleged vouchers, and allowed and approved the report without investigating it or knowing whether it was correct or not. (*Estate of Rose,* 63 Cal. 349.)

Clark & Budge, for Respondents.

"It must be assumed that the legislature, when it passed the act providing for a trial '*de novo*' in the district court, on appeal from the probate court in probate matters, was acting within the purview of the constitution, and did not intend to go any further than to provide for the exercise of the 'appellate jurisdiction' of the district court." (*Estate of McVay,* 14 Ida. 64, 93 Pac. 31.)

If the district court may pass upon only such questions of fact "as were heard and determined by the probate court," and no such questions were heard or determined by such court, the district court would have no questions of fact to try "*de novo.*"

There was no necessity for the probate court to give notice to the heirs in this case of his intention to enter a *nunc pro tunc* order.

"It is always competent for the parties in interest to relieve the executor or administrator of his obligation to account." (11 Am. & Eng. Ency. of Law, 1185; *Middlecoff v. Superior Court,* 149 Cal. 94, 84 Pac. 764; *In re Pruyn's Will,* 141 N. Y. 544, 36 N. E. 595.)

It is competent for parties in interest to waive all objections to the account, and if they do so, it will, of course, be unnecessary for the court to give them notice of his intention to enter an order of settlement.

STEWART, J.—Orson Dalrymple died on the 14th day of May, 1907, in the county of Bear Lake, state of Idaho. At the time of his death he was the possessor of several pieces of real estate and considerable personal property. H. H. Dalrymple and A. B. Dalrymple were appointed administrators of the estate of Orson Dalrymple. The appellants in this case, and likewise the respondents, were heirs of Orson Dalrymple.

The respondents, H. H. Dalrymple and A. B. Dalrymple, qualified as administrators and took charge of the property of the estate and administered the estate and disposed of the property belonging to the estate. On May 31, 1909, the administrators of said estate filed a report in the probate court of Bear Lake county, and on September 30, 1910, filed their final report as administrators of said estate. On the same day the probate judge made an order that the final report be heard on October 12, 1910, and on that day the hearing was continued to October 19, 1910, and on that day the hearing was continued until October 24, 1910.

On November 17, 1910, the appellants, heirs of the estate, by their attorneys, served upon the attorneys for the administrators and filed in the probate court their written objections and exceptions to various items embraced in the partial and final settlements and reports made by the administrators. It also appears that on February 21, 1911, the appellants, by

leave of the court, filed supplemental and additional exceptions to the final report for settlement filed by the respondents. On May 6, 1911, the probate judge entered a minute and record and ordered the same be entered as of October 24, 1910. This order of the probate judge evidently was made by reason of the fact that for some reason which does not clearly appear the probate judge had neglected to make an entry as to what was done on the 24th of October, the date fixed for hearing the objections made to the final and partial reports made by the administrators. The order reads as follows:

"In the Matter of the Estate of ORSON DALRYMPLE, Deceased.

"HEARING ON SETTLEMENT OF FINAL ACCOUNT AND PETITION FOR FINAL DISTRIBUTION.

"Be it remembered that this matter came on regularly to be heard the 12th day of October, 1910, pursuant to the order of the court to show cause, and due notice thereof having been given by the clerk of the court, according to law.

"By request of Charles E. Harris, Esq., representing certain heirs, and consent therein by the administrators of the estate, said hearing was by the court continued to the 19th day of Oct., 1910.

"On the 19th day of October, 1910, pursuant to continuance of above matter, this cause came on regularly to be heard, DeMeade Austin, Esq., representing the administrators of said estate and Charles E. Harris, Esq., appearing for certain heirs, whereupon the court proceeded to the examination of the final account and the petition for distribution filed herein.

"And it appearing that a great many details of said final account were to be examined, and request having been made by said counsel for certain heirs for further time in which to prepare objections to items in said account, by agreement of counsel of the respective parties, the court further continued said hearing to the 24th day of October, 1910.

"On the 24th day of October, 1910, pursuant to continuance, this matter came on regularly to be heard, DeMeade Austin, Esq., representing the administrators and Charles E. Harris, Esq., appearing for certain heirs, as before, when the following proceedings were had, to wit:

"Charles E. Harris on behalf of certain heirs interposed sundry verbal objections to items contained in said final account including an objection to the allowance of attorney fees out of the funds of said estate; said counsel requesting that all objections be discussed by counsel and the administrators under the direction of the court; whereupon said administrators explained in detail all matters and items excepted to, at the conclusion of which Attorney Harris requested a few minutes intermission for the purpose of further consultation with his clients in said cause; the same was granted by the court; the said counsel, upon returning into court and the court being again in session, waived in detail all objections theretofore interposed, excepting as to the question of attorney fees; upon which item Attorney Harris requested the court that the same be not made a matter of record but asked the court to hold the matter of his order with respect to said final account in abeyance for a day or two to afford said counsel opportunity to submit any points of law upon the allowance of attorney fees which he might be able to find, to which request the court consented; and the matter of hearing upon final account was thereupon fully concluded. To all of which said heirs by T. L. Glenn, Atty., except.

"This minute and record made and entered this 6th day of May, 1911, as of the 24th day of October, 1910.

"J. H. GRIMMETT,

"Probate Judge."

The record further shows that on May 6, 1911, the probate judge made an order reciting that the administrators of the deceased appeared in person and by attorney, and that the appellants appeared by T. L. Glenn, and that the objections and supplemental bill of exceptions to the settlement of the administrators' reports came on for hearing, and that the

probate judge found and held that such objections and bills of exceptions were not filed in time as required by law, and that the objection made by the administrators that the same were not filed in time was sustained, and the court declined to consider the bill and supplemental bill of exceptions, and that exception was taken to the ruling of the court by the appellants.

The record also contains an order made by the probate judge on May 9, 1911, which reads as follows:

"In the Matter of the Estate of ORSON DALRYMPLE, Deceased.

## "ORDER APPROVING FINAL REPORT.

"H. H. Dalrymple and A. B. Dalrymple, administrators of the estate of Orson Dalrymple, deceased, having filed in this office on the 30th day of September, 1910, their final account and a petition for final distribution of said estate, the court having appointed the 12th day of Oct., 1910, at 11 o'clock A. M. at the court house at Paris, Idaho, as the time and place for hearing upon said petition and account, and due notice of said hearing having been given according to law; and said hearing having been continued to the 19th day of Oct., and upon said day further continued until the 24th day of Oct., 1910, and all matters touching said report and said petition having been fully and satisfactorily explained to the court; and all verbal objections to said account having been fully disposed of, and the court being fully advised in the premises;

"It is hereby ordered, adjudged and decreed that the final account, aforesaid, be and the same is hereby fully approved, settled and allowed; and it is further ordered that petition for final distribution be and the same is hereby granted.

"This minute and record made and entered this 9th day of May, 1911, as of the 27th day of October, 1910. To all of which said heirs by T. L. Glenn, Atty., except.

"J. H. GRIMMETT,
"Probate Judge."

From the foregoing record of the probate judge it will be observed that the same was made and entered on the 9th day of May, 1911, and that the probate judge ordered that the same was to be entered as of the 27th day of October, 1910.

From this judgment an appeal was taken to the district court of Bear Lake county. The trial court, on July 6, 1912, rendered the following judgment:

"This cause came on regularly to be heard the 6th day of July, 1912, upon the appeal of Adelade Kent, Deseret Kent, Theresa Kent, Mary Kent, Milton Ward and Luther Dalrymple, heirs at law of the said Orson Dalrymple, deceased, from the order of the probate court of Bear Lake county, made and entered on the 9th day of May, 1911, as of the 27th day of October, 1910, approving and settling the final account of H. H. Dalrymple and A. B. Dalrymple, administrators of the estate of said Orson Dalrymple, deceased, T. L. Glenn, Esq., appearing as attorney for said heirs, the appellants, and DeMeade Austin, Esq., and Clark & Budge appearing as attorneys for said administrators; and the matters involved in the said appeal having been fully submitted and argued by counsel for the respective parties and the court being fully advised in the premises.

"It is therefore ordered, adjudged and decreed that the said order approving, settling and allowing the said final account of said administrators, be and the same is hereby affirmed.

"Done in open court this 6th day of July, 1912.

"J. M. STEVENS,
"Presiding District Judge."

From the judgment entered in the district court this appeal has been taken.

Two errors are alleged by appellants: First, that the court erred in refusing to consider the bill of exceptions and objections and the supplemental bill of exceptions and objections served and filed by the heirs to the reports and accounts of the administrators and the allowance of the petition of the final distribution of the estate; second, that the court erred in entering a decree affirming the order and decree of the pro-

bate court, approving and confirming the final report and account of the administrators.

Sec. 4836, Rev. Codes, provides:

"The appeal may be taken upon questions of law or upon questions of both law and fact. If taken upon questions of law alone, the district court may review any such question which sufficiently appears upon the face of the record or proceeding, without the aid of a bill of exceptions, and no bill of exceptions shall be allowed or granted in the probate court in probate matters. If the appeal be upon questions of both law and fact, the trial in the district court shall be *de novo.*"

In the case of *Estate of McVay,* 14 Ida. 56, 93 Pac. 28, this court had under consideration an appeal in probate matters from the probate court to the district court, and construed sec. 4836, above quoted, and secs. 20 and 21 of art. 5 of the constitution and held:

"If the appeal is taken upon questions of law alone, the district court will review such questions of law as were raised in the probate court upon the record, but will not permit any new questions of law to be raised. . . . . If the appeal be taken upon questions of both law and fact, then the district court proceeds to try, first, the questions of law, and if the cause is reversed on questions of law, the questions of fact are not tried. If, however, the cause is not reversed on questions of law, then the same questions of fact as were tried in the probate court will be retried in the district court as other trials in said court are conducted. . . . . In other words, this statute, under the constitution, grants to the district court appellate jurisdiction to retry only the same issues of law and fact as were heard and determined by the probate court."

This same question was considered by this court in the case of *Estate of Christensen,* 15 Ida. 692, 99 Pac. 829. In this case the court held: "The fact that either party failed to present evidence in support of the issues made in the probate court is not a ground or reason for dismissing the appeal to the district court, and the proof offered or a showing that no proof was offered in the probate court cannot be presented to the district court by affidavit in support of a motion to dis-

miss the appeal, as the cause in the district court is to be tried *de novo* upon the issues made in the probate court.'' And: ''When an appeal to the district court in a probate matter is completed, the case is transferred to the district court to be tried *de novo,* and the fact as to the offering of proof or the failure to offer proof in the probate court is of no consequence whatever.''

The notice of appeal which is made a part of the record shows that the appeal was taken on both questions of law and fact. The appeal was completed and the case was transferred from the probate court to the district court in a probate matter, and the district court should have determined the questions of law raised in the probate court, and if the district court affirmed the probate court upon the questions of law, then the district court should have tried the issues of fact as they were presented to the probate court. If the district court reversed the probate court on questions of law, the issues of fact are not to be tried. The pleadings in this case, consisting of the reports made by the respondents as administrators, and the objections and exceptions filed by the appellants to such reports, present issues of fact, and should have been determined in the district court, and it was error in the trial court in not hearing the questions of law and trying the issues of fact as they were presented in the probate court. It would seem that both the probate court and the district court refused to consider the objections and exceptions made, upon the ground that such objections and exceptions were not filed in time.

Sec. 5600, Rev. Codes, provides: ''On the day appointed, or any subsequent day to which the hearing may be postponed by the court, any person interested in the estate may appear and file his exceptions in writing to the account and contest the same.''

Sec. 5598 provides: ''When any account is rendered for settlement, the court or judge must appoint a day for the settlement thereof; the clerk must thereupon give notice thereof. . . . .''

These two sections of the statute clearly provide for the fixing of a day for hearing a final settlement filed by an administrator, and require the probate judge to appoint a day for settlement and that notice must be given, at which time any person interested in the estate may appear and file exceptions to the account, and contest the same.

Two separate papers were filed with the probate judge, each stated particularly the objections and exceptions to the reports made by the respondents. The first document bears the following indorsement: "Filed November 17, 1911, but not marked filed until May 8, 1911. J. H. Grimmett, Probate Judge." The date November 17, 1911, evidently means November 17, 1910, as other facts show that the same was filed November 17, 1910, and the probate judge had in mind this date, which occurred before May 8, 1911, rather than November 17, 1911, which was after the time the indorsement was made. The second bears this indorsement: "Filed February 21, 1911, and not marked filed until May 8, 1911. J. H. Grimmett, Probate Judge."

There is also filed in this case as evidence a certificate of the probate judge to a number of orders and minutes, in which it is shown that on September 30, 1910, an order was made by the probate judge which fixed October 12, 1910 for hearing the petition for distribution and settlement of the administrators' account, and also an order made on October 12th continuing the hearing to October 19th. On October 19th an order was made continuing the hearing to October 24, 1910, and there appears to be no entry made after this date by the probate judge until May 6, 1911, when the probate judge made an order which was entered three days before the order made on May 9th, wherein the court directed that the order made on that day should be entered *nunc pro tunc,* as of October 27, 1910. This order has been stated above in substance, that the appellants had filed a written bill of exceptions and objections and also a supplemental bill of objections and exceptions, but that they had not been filed in time, and upon objections being made by the administrators, the objections

were sustained and the objections and exceptions were not considered.

The record is clear and decisive that when the orders of the probate court were made on the 6th and 9th of May, 1911, confirming the final account and the entry of the order of final distribution, there was on file with the probate judge objections and exceptions to the reports made by the respondents, which was a part of the record in the case, and should have been considered and determined as an issue of fact in the hearing and trial both in the probate court and in the district court.

From the record presented above it is perfectly clear that the probate judge did not, on October 24, 1910, approve the reports made by the respondents as administrators, neither did the probate court distribute the said estate at that time. The administrators' report and account was continued and was not further considered by the probate judge until he made his order dated May 6, 1911. Prior to that time there certainly can be no question but that the hearing of said reports upon the objections made was postponed to that date, and it was the duty of the probate court, as well as the district court, to try and determine the issues of law and also the issues of fact presented by the reports and the objections thereto. This was not done.

The judgment, therefore, is *reversed,* and the district court is directed to proceed in accordance with this opinion. Costs awarded to appellants.

Ailshie, C. J., and Sullivan, J., concur.