[Civ. No. 5186. First Appellate District, Division Two.—August 26, 1925.]

In the Matter of the Estate of JACK STUHLDREHER, Deceased. BLANCHE E. LEMON et al., Appellants, v. ESTHER M. STUHLDREHER, Administratrix, etc., Respondent.

[1] ESTATES OF DECEASED PERSONS — PREFERRED CREDITORS — MARSHALING OF ASSETS.—When a petition by alleged preferred creditors of the estate of a deceased person to have distributed to them a specified sum of money, as preferred creditors, is before the trial court and it appears to the court that the claims which have been proved and allowed and are unpaid and an outstanding and unpaid judgment against the estate greatly exceed the moneys on hand, but there are other assets of a speculative and uncertain value that have not been liquidated, the court should make no order with reference to the payment of the claims, preferred or otherwise, or any part thereof, but it should await the time when all the assets have been marshaled.

[2] ID.—JURISDICTION—STIPULATION OF COUNSEL.—In such proceeding, the filing by the attorneys for the administratrix and the attorney

1. See 12 Cal. Jur. 93.

for the alleged preferred creditors of a written stipulation that the court might determine the priority, if any, of said alleged preferred creditors, and whether or not they had a preferred claim against the estate based upon an award in their favor by the Industrial Accident Commission, and direct the payment of° creditors of not to exceed a specified sum, was an idle act, as the power of the court flowed from the statute and could neither be increased nor diminished by the stipulation of counsel.

(1) 24 **C. J.**, p. 455, n. 77.    (2) 36 **Cyc.**, p. 1285, n. 38, p. 1286, n. 41, 41a.

APPEAL from a judgment of the Superior Court of Santa Barbara County. S. E. Crow, Judge. Affirmed.

The facts are stated in the opinion of the court.

Fred A. Shaeffer for Appellants.

A. B. Bigler for Respondent.

STURTEVANT, J.—On August 26, 1920, Harland B. Lemon was employed by Jack Stuhldreher in his vulcanizing shop at Santa Maria, California. A gasoline explosion occurred which set fire to the shop and burned the employee and his employer. The employee died of his injuries on the same day. The employer died the next day. Such proceedings were had that Esther M. Stuhldreher, the wife of the employer, was duly appointed administratrix of his estate. Blanche E. Lemon, the surviving wife of the employee, took such proceedings that the Industrial Accident Commission thereafter made its findings and award in favor of the surviving wife and Harland B. Lemon, her minor child, in the sum of $4,495.50. A certified copy of said award was filed with the county clerk of Santa Barbara County and a judgment was entered thereon. On proceedings duly had and taken the Industrial Accident Commission converted said award into a lump sum, $4,058.34, payable forthwith. A certified copy of its order was filed with the county clerk and a judgment in accordance therewith was duly entered. Such proceedings were had that on the fifteenth day of October, 1923, Esther M. Stuhldreher, as administratrix of the estate of Jack Stuhldreher, filed in the matter of the said

estate a petition for partial payment to creditors. In that petition she asked permission to pay $1,000 out of the assets of the estate to the creditor or creditors entitled thereto. In her petition she alleged that the funeral bills and expenses of last illness and all family allowance had been paid; that the fees of the administratrix and the fees of attorneys for ordinary and extraordinary services had not been paid; that the administratrix had rendered her second account and that there was cash on hand amounting to $3,670 and that the remaining assets of the estate were speculative and of uncertain value; that a statement of the claims of all the creditors was filed with the first account and that the total amount of said claims was $9,829.19 and that said estate is insolvent; that the time for filing claims has expired and that. no other claims than those last mentioned have been filed; that, deducting payments made, there was due on the allowed claims $8,025.29; that in addition to said sum there is on file the amended judgment hereinabove referred to; that the said judgment was rendered after the death of Jack Stuhldreher and that Blanche E. Lemon and Harland B. Lemon claimed that said judgment is a preferred claim against the estate of Jack Stuhldreher, deceased, subject only to the expenses of administration; that there are no other preferred claims and that if said judgment is paid there will be no funds left with which to pay any of said claims other than said judgment creditors; that the said Blanche E. Lemon et al., are entitled to have their rights as preferred creditors determined and that $1,000, but no greater sum, can safely be paid. Then follows a prayer that a judgment and order be made determining the priority of the judgment and the respective claims and the proportion to which each creditor is entitled and that not to exceed $1,000 be ordered paid. The petition was filed October 15, 1923. The record shows that the petition was served October 13, 1923, on Fred A. Shaeffer, attorney for Blanche E. Lemon and Harland B. Lemon, Jr.; but it does not show that any notice of the hearing of the petition was given, nor the nature of the notice, if any; and it does not show that any objection to. the petition was made in writing or orally and it does not show what proof, if any, was adduced at the hearing; and, although the petition recited that the administratrix had rendered her second ac-

count, the record does not show when said second account was rendered, heard, settled or what action was taken thereon, or whether any notice of the hearing of said account was given or otherwise.

On July 7, 1924, the attorneys for the administratrix and the attorney for Blanche E. Lemon et al., filed a stipulation "That the court may determine the priority, if any, of the said Blanche E. Lemon and Harland B. Lemon, Jr., whether or not the said Blanche E. Lemon and Harland B. Lemon, Jr., have a preferred claim based on the award of the Industrial Accident Commission of the state of California, and direct that the payment not to exceed the sum of $1000 be ordered paid as prayed for in said petition, said payment to be made to the various creditors in accordance with law following the court's determination on the question of priority, it being the intention of this stipulation that the court need not determine the *pro rata* to which each creditor is entitled at this time."

The record contains a reporter's transcript. That transscript purports to set forth the proceedings that occurred on Monday, November 25, 1923. A reading thereof discloses that the subject matter before the court was the settling of the second account and the consideration of a petition for the allowance of attorney fees. Nothing is contained therein with reference to the "Petition for Partial Payment to Creditors."

On the seventh day of July, 1924, the trial court made an order as follows: "The petition of Blanche E. Lemon and Harland B. Lemon, Jr., alleged preferred creditors of the above-entitled estate to have distributed to them the sum of $1000, as preferred creditors, having heretofore been submitted to the court for consideration and decision, and the court having duly considered the same and being fully advised in the premises, now renders its decision thereon from the bench and orders that said petition be and the same is hereby denied. Let an order be prepared accordingly."

On the twenty-first day of July, 1924, Blanche E. Lemon and Harland B. Lemon, Jr., contestants and appellants, served a notice of appeal on the attorneys for the administratrix and filed the same. In that notice of appeal they recited that they appealed from an order allowing attorney fees and also from the order quoted above.

In their briefs counsel do not present any matters of or concerning the allowing of attorney fees, but they confine their briefs solely to the ruling of the court with reference to the making of partial payments to creditors. Except as hereinabove stated no part of the record is contained in the transcript.

We must assume until the contrary appears that the judicial record before us correctly determines and sets forth the rights of the parties. [1] When the petition was before the trial court it appeared to the trial court that there was on hand the sum of $3,670; that there were some other assets of a speculative and uncertain value that had not been liquidated; that the claims proved and allowed and unpaid amounted to $8,025.29 and that there was in addition thereto outstanding and unpaid a judgment in the sum of $4,058.34. Under these circumstances, if no other facts appeared, the record presents a case where it was peculiarly proper that the court should make no order with reference to the payment of the claims preferred or otherwise, or any part thereof, but on the other hand that it should await the time when all of the assets had been marshaled. (*Estate of Smith,* 122 Cal. 462 [55 Pac. 249].) The utmost that the record shows is that the trial court exercised its discretion by refusing to determine whether the judgment was a preferred claim or was not a preferred claim. Certainly nothing appears in the record showing that it abused its discretion.

[2] In their briefs counsel refer to the stipulation. The filing of the paper was an idle act. The power of the court flowed from the statute and could neither be increased nor diminished by the stipulation of counsel.

We find no error in the record. The order is affirmed.

Nourse, J., and Langdon, P. J., concurred.