[Civ. No. 8152. Second Appellate District, Division Two.—March 18, 1932.]

In the Matter of the Estate of J. F. CONNELL, etc., Deceased. MARY E. CONNELL, Respondent, v. UNITED STATES NATIONAL BANK, Appellant.

Patterson, Bailey & Montgomery and Charles C. Montgomery for Appellant.

Holbrook, Taylor, Tarr & Horton for Respondent.

FRICKE, J., *pro tem.*—The estate of the deceased inventoried at a little over $4,000. Appellant filed a claim, evidenced by a promissory note signed by the deceased, in the sum of $15,000, which claim was allowed. Thereafter United States National Bank, payee of the said note and appellant herein, brought an action upon the note against Mary E. Connell, who also happens to be the administratrix of the estate herein, as an individual. The complaint in this action alleged that the note in question was executed by J. F. Connell, the deceased, as the agent of said Mary E. Connell, that the money borrowed was applied to the improvement of property held by deceased and Mary E. Connell as joint tenants, that the latter had accepted the benefits of the money borrowed and that the plaintiff had

filed a claim against the estate of J. F. Connell which had been approved but that such estate was insolvent. After hearing the evidence the court, in that action, held that Mary E. Connell was liable to the plaintiff in the sum of $15,000 with interest and attorney's fees, and judgment for the total amount was entered in favor of the plaintiff. Defendant served a notice of intention to move for a new trial and very shortly thereafter a satisfaction of the judgment, reciting that "payment having been made" the clerk of the court was directed "to enter and we acknowledge full satisfaction of the judgment in the above entitled action", signed by the plaintiff judgment creditor's attorneys, was filed. It appears that about $9,000 was paid in satisfaction of the judgment. While there was a conflict in the evidence as to the negotiations and agreement preceding this payment and the satisfaction of the judgment, there was credible evidence that it was agreed that the settlement of the case was a settlement in full of the note and the claim against the estate, and that the payment of the $9,000 and the surrender of the right of appeal furnished the consideration.

There is no question but that the court below could not grant a family allowance more than one year after granting letters of administration if the estate is insolvent. (Code Civ. Proc., sec. 1466.) Appellant contends that the allowance of its claim rendered the estate insolvent, thus precluding the making of the order for family allowance, made three years after letters of administration were granted. Respondent contends that after the settlement the appellant was no longer a creditor of the estate and that, its claim having been discharged, the estate was no longer insolvent and therefore the court had the power to make the order for family allowance.

The trial court found that "the claim of the United States National Bank against the said estate has been heretofore compromised and settled", but appellant claims that the court was without power to adjudicate the validity of the claim. The power of the court to make the family allowance was dependent upon the estate being solvent, and the finding that appellant no longer had any claim against the estate was necessary to the conclusion that the estate was solvent. While the prayer of the petition was merely for an order for a family allowance, such an order could only be

made, in view of the fact that more than a year had elapsed after the granting of letters of administration, if the estate was solvent. A prayer for a specific order must be construed to include a request for a determination of all questions necessarily preliminary to the denial or granting of the relief sought. Furthermore, the petition specifically alleged that appellant's claim was paid and satisfied by the settlement reached between the parties to the civil action and the satisfaction of the judgment, and the affidavit filed in opposition to the petition specifically raised the issue by denying that any part of appellant's claim against the estate was ever satisfied. The latter denial of appellant was later modified to a contention that the claim of $15,000 and interest less the $9,000 paid in the settlement, in other words, a balance of about $8,000, was still a claim against the estate. If this be true, its assets having a value of less than $4,000, the estate was insolvent.

The testimony that the amount paid in the civil suit and the foregoing of the right of appeal was consideration in full and a settlement of the note and claim against the estate, as well as in satisfaction of the judgment, supports the finding of the trial court herein that the claim of appellant against the estate "has been compromised and settled" and also gives support to the further finding that the estate is solvent.

The allowance of appellant's claim was not conclusive or final, since allowed claims not passed upon on the settlement of any former account may be contested by the heirs for cause shown (Code Civ. Proc., sec. 1636; *Wise* v. *Williams*, 88 Cal. 30 [25 Pac. 1064]) ; and where, as here, upon the trial of issues of fact between the interested parties the court has evidence from which it finds the fact to be that a claim made against the estate has been settled and satisfied, it may then proceed as though such claim did not exist. It is the duty of the court at the suggestion of any person or on its own motion to protect the estate against unlawful claims. (*Estate of Spanier*, 120 Cal. 698, 701 [53 Pac. 357].) Had the judgment in the civil action been paid in full, appellant could not have recovered anything further under the claim filed in the estate. Here we have a situation in which, by an accord and satisfaction, the consideration being the payment of one-half the amount

of the judgment on or before a date specified and the further consideration that the judgment debtor would not prosecute an appeal, the judgment was satisfied and, by the agreement, the transaction included a settlement not only of the judgment but of the note and the claim in the estate. We hold that, under these conditions, appellant ceased to have any further rights to the recovery of money by reason of the note, and that the settlement extinguished the claim in the estate as fully as though the judgment had been paid in full.

Appellant raises the further point that there was an abuse of discretion in the making of any order for a family allowance, because no need therefor was shown. As the evidence on this point was conflicting, the finding of the trial court, supported as it is by evidence, is conclusive here.

The order is affirmed.

Works, P. J., and Craig, J., concurred.