(Nos. 7233, 7234, 7235. June 19, 1945.)

W. T. SIMONS, Executor of the Estate of Henry S. Davenport, deceased, Appellant, v. JESSIE M. DAVENPORT, Respondent.

[160 Pac. (2d) 464.]

Lester S. Harrison, Robert E. Brown and James A. Wayne for Appellant.

Whitla and Knudson for Respondent.

GIVENS, J.—Henry S. Davenport died testate April 29, 1942 in Kellogg, survived by his widow, Jessie M. Davenport, brother, Milton W. Davenport, and his daughters, Ruth Davenport Blanchard and Katherine Davenport Harris, leaving separate and community real and personal property.

The will is not set forth, but appellant, W. T. Simons, is referred to as the surviving executor and Milton W. Davenport as co-executor and testamentary trustee administering the portion of the estate in North Carolina, and Henry Sample, alternate trustee.

(Milton W. Davenport and his daughters transferred all their interest in the estate to Mrs. Jessie M. Davenport, hence except as noted hereafter, their interests need not be separately considered).

January 29, 1944, the Probate Judge of Shoshone County cited for hearing and determination Thursday, April 6, 1944, at 10:00 A. M., the executor's petition for approval of his first and final account and objections thereto; ordering Milton W. Davenport to file within forty

days and Mrs. Jessie M. Davenport within thirty days, complete accounts of their respective estate transactions. Said citation was, as ordered, personally served on the two Davenports; neither Milton W. Davenport nor Mrs. Jessie M. Davenport complied; the Probate Judge without further notice entered their defaults and settled and approved, the first and final account as filed by W. T. Simons, March 15, 1944, and entered decree of distribution March 20, 1944.

Thereafter Milton W. Davenport and his daughters filed, March 31, 1944, a motion to vacate and set aside such orders and decree, and April 6, 1944, which was the day originally set for the hearing, filed objections to the executor's account. Mrs. Jessie M. Davenport did likewise on April 6, 1944, with supporting affidavit and similar motions. Milton W. Davenport and his daughters appealed May 19, 1944 from the order of approval March 15, 1944 and decree of distribution March 20, 1944.

June 14, 1944, the Probate Judge sustained the motions and objections so filed, and set aside and vacated the defaults theretofore entered, approval of the account, and decree of distribution.

In suit 7233, appellant-executor appealed from such orders of revocation to the District Court; in action 7234, asked as ancillary a writ of prohibition to stay further proceedings; and in action 7235, sought a writ of review.

Respondent Davenport disqualified Honorable Albert H. Featherstone, resident and incumbent judge in the First District, and secured substitution, by the Governor's designation, of Honorable Miles S. Johnson of the Tenth District; who sustained respondent's motions to dismiss the above appeal and quash the writs of prohibition and review, entering responsive decrees from which the instant appeals were taken.

Section 15-115 I.C.A. is identical with Section 1633, Civil Code of Procedure California, and was evidently taken therefrom.

■ As stated in *Short v. Thompson,* 56 Ida. 361 at 375, 55 P. (2d) 163:

" * * * Our probate laws were adopted from the California code, and while we are not bound by the California

decisions thereon, nevertheless they are of high authority on the statutes construed."

The above case followed with approval *In re Spanier's Estate,* 120 Cal. 701, 53 P. 357. Though the Short case did not directly involve the question of jurisdiction dependant upon proper notice, the inference is clear that that portion of the Spanier case was approved, and the Spanier case held with regard to the necessity of notice and compliance with Section 1633, supra, as follows:

" * * * Sections 1633 and 1634 of the same chapter provide that notice of the day on which the settlement of any account is to be heard must be given in the manner prescribed in said sections; and it is quite apparent that if such notice be not given there can be no valid settlement of the account, and consequently no valid order made for the payment of a claim like that of Frank. * * * "

Such thought has been continuously followed and declared by California.

No notice whatever was given of the hearings of March 15th and March 20th, 1944. The statute provides for continuance, 15-1119 I.C.A., but does not provide for advancing the date. Therefore the following pronouncement following the Spanier case approved by the Short case is in point:

" * * * This order of the court was based upon a hearing had without notice. * * * If a decree rendered under such circumstances is binding upon the world, then a decree settling the final account of an administrator, *made without notice,* (emphasis ours) would be binding. * * * The court only has jurisdiction over the subject-matter when the whole world is served with statutory notice. This question was incidentally touched upon when this case was heard upon a former appeal (*In re Smith's Estate,* 117 Cal. 508, 49 P. 456), where it was held that the claim of Thorne could not be paid under the order of the court made without the statutory notice required to be given upon the settlement of the administrator's accounts. * * * *In re Spanier's Estate,* 120 Cal. 698, 53 P. 357, is directly in line with the last case cited. * * *" *In re Smith's Estate,* (Cal.), 55 P. 249 at 250.

Oklahoma under a statute similar to that of California

and ours has held settlement of an account without notice is void.

" * * * The next section, 1336, 1921 Statutes, provides:

" 'Every account for the final settlement and distribution of an estate shall stand for hearing at a date to be fixed by the county judge, not less than twenty days after the filing thereof; and notice of such hearing shall be given by publication for two successive weeks in some newspaper of general circulation published in the county.'

"It would seem that without the notice being given the court is without authority to make an order settling the accounts of the guardian or administrator, and the attempt to do so without such notice is void.

"Section 1340, Compiled Laws of 1921, refers to the settlement of accounts of administrators and guardians, and provides:

" 'The account must not be allowed by the court until it is first proved that notice has been given as required by this article, and the decree must show that such proof was made to the satisfaction of the court and is conclusive evidence of the fact.'

"The precise question under consideration has not been before this court so far as we are able to find, and nothing is cited, but it seems to have been before the courts of California a number of times, and every case where the account, final or other than the final account, was settled by the probate court without the statutory notice first being given is held to be void. *In re Spanier's Estate,* 120 Cal. 698, 53 P. 357. * * * And in the case of *Livermore v. Ratti,* 150 (Cal.), 458, 89 P. 327 which is a case almost identical with the one under consideration, it was held that the order made without the statutory notice was void. * * *

"It certainly cannot be contended that the settling of the account of an administrator or guardian is of less importance than the signing and settling of a case-made. Especially so when the giving of notice is jurisdictional, the statute providing that the order must show that proof of giving the notice was made." *Miller v. Shelton,* (Okla.), 241 P. 132 at 134.

" * * * It is generally held that if no notice is given of the final settlement or final distribution, a decree of court settling the estate is void, unless the interested parties appear. 24 C.J. 950; 11 R.C.L. 185, 186; *Dray v. Bloch,* 29 Ore. 347, 45 P. 772, 774; *Wood v. Myrick,* 16 Minn. 494 (Gil. 447); *Stevens v. Meserve,* 73 N.H. 293, 61 A. 420, 11 Am. St. Rep. 612; *In re Killan's Estate,* 172 N.Y. 547, 65 N.E. 561, 562, 63 L.R.A. 95, and cases in note thereto in 63 L.R.A. In the case last cited, where petitioner demanded a second accounting, and it was found by the lower court that he was not a party to the original accounting, the court said:

" 'Under these findings the decree of the surrogate's court in the original accounting proceeding is void as to this petitioner. "It is an elementary principal, recognized in all the cases, that to give binding effect to a judgment of any court, whether of general or limited jurisdiction, it is essential that the court should have jurisdiction of the person as well as of the subject-matter and that the want of jurisdiction over either may always be set up against the judgment when sought to be enforced, or any benefit is claimed under it." '

"In *Dray v. Bloch,* supra, the court said:

" 'It is apparent that before a final account can be heard, adjusted, and settled, so as to be of binding force upon the creditors, heirs, and legatees, these statutes must be observed, and unless they are the court is without competent authority to make a decree allowing or disallowing the account.' " *State v. Allen,* (Wyo.), 294 P. 681 at 683.

Notice once being given, *subsequent* hearings may be had without further notice but not prior.

" * * * After notice has been properly given in the first instance, it becomes the duty of all interested parties to keep themselves informed by diligent inquiry of *subsequent* continuances of the hearing. * * *" (Emphasis ours) *In re Bell's Estate,* (Cal.), 136 P. (2d) 804 at 806.

Having fixed the date for the settlement of the executor's account and objections thereto as April 6th and notices having been so given, the Probate Judge could not without further notice to, or consent of the interested parties advance such dates to March 15th and 20th, even

though Mrs. Jessie M. Davenport and Milton W. Davenport were in default as to their account. *Kent v. Dalrymple,* 23 Ida. 694, 132 P. 301. The latter had nothing to do primarily with the burden resting upon the executor in connection with his accounts, *Short v. Thompson,* supra; *Estate of Fleshman,* 51 Ida. 312, 5 P. (2d) 727, at least to the extent of justifying so advancing the date previously set therefor, without notice to or consent by respondent; and on the day set, she appeared and filed objections to executor's account and hence was not in default as to the matter previously noticed for hearing. If the Probate Judge could advance without complying with the statutes as to notice, he could set and hear it any time without any notice. The statutes demand and require otherwise. 15-1109, 1115, 1116, 1118, 1119, 1121, 1132 and 1133 I.C.A.

Clearly, therefore, the Probate Court had jurisdiction to set aside and revoke the orders of March 15th and 20th and did not err in so doing and could not legally have done otherwise, and appeal from such prior orders was not an exclusive remedy.

"The question presented for decision is as to whether or not the probate court had jurisdiction to make and enter the order vacating and setting aside its decree that the property here in controversy was the community property of Sarah Ann Blodgett, deceased, and H. J. Blodgett, her surviving husband, and awarding it to him.

"In *Moyes v. Moyes, ante,* p. 601, 94 P. (2d) 782, we reannounced the rule stated in *Short v. Thompson,* 56 Ida. 361, 376, 55 P. (2d) 163, 169, as follows:

" 'If the probate court erred and the decree settling the account is erroneous, the answer is that a remedy was available to both the guardian and surety to have the judgment reviewed and *the error corrected both by motion in the court where entered* (emphasis ours) (*Luke v. Kettenbach,* 32 Ida. 191, 197, 181 P. 705; *Baldwin v. Anderson,* 51 Ida. 614, 8 P. (2d) 461; same case, 52 Ida. 243, 13 P. (2d) 650; and by appeal, sec. 5-905, I.C.A.; *Miller v. Prout,* 32 Ida. 728, 187 P. 948).' " (*Snow v. Probate Court,* 60 Ida. 611 at 616, 95 P. (2d) 844.)

It is urged that the district court erred in dismissing the appeals and also affirming the final order of the

probate court revoking the previous orders. The proper procedure would have been to consider the appeals as such and not dismiss them. (*Bohannon Dredging Co. v. England,* 30 Ida. 721, 168 P. 12.) However, the effect in this instance was the same.

"11-218, I.C.A. Effect of Dismissal.—The dismissal of an appeal is in effect an affirmance of the judgment or order appealed from, unless the dismissal is expressly made without prejudice to another appeal."

The recital in the judgment of the district court dismissing the appeal did no more than the statute declares as affirmed on this point by this court.

"* * * The dismissal of the former appeal was an affirmance of the judgment. * * *" (*West v. Dygert,* 15 Ida. 350 at 352, 97 P. 961.)

The judgments of the district court sustaining the final order of the Probate Court are approved and affirmed, and the entire proceedings are ordered remanded forthwith to the Probate Court for, after due and proper notice, without further circumlocution, full and complete hearing upon the executor's account, objections thereto, and any required accounting by Milton W. Davenport and respondent. Costs awarded to respondent.

Budge, Holden and Miller, JJ., concur.

AILSHIE, C.J., special concurrence.—I concur in the result but do not approve the procedure. The district court has only appellate jurisdiction in probate matters. (Const., Art. 5, sec. 21; *Short v. Thompson,* 56 Ida. 361, 55 P. (2d) 163.)