MARO J. CHAMBERLAIN, *Respondent, v.* RICHARD WARBURTON AND JOHN ROWBERRY, *Appellants.*

STATEMENT ON APPEAL WHEN FILED.—The statement provided for in Section 330 of the Practice Act, can be filed after the appeal has been perfected, provided it is filed within the number of days required by that Section.

JURY TRIAL.—Section 450 of the Practice Act, which implies a discretionary power in the Court to try issues of fact before the Court, or submit the same to a jury, cannot be exercised so as to deprive a Defendant of a jury trial if one be demanded. Such right of trial by jury cannot be abrogated by legislation or by the discretion of a Court or judge.

MANDAMUS A CIVIL ACTION —A proceeding by Mandamus is a civil action and subject to the rules, pleadings and practice prescribed by the Practice Act. (27 Cal. 655.)

JURY TRIALS IN MANDAMUS CASES.—The seventh article of the amendments to the Constitution of the United States, which provides, that "in suits at Common Law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved," embraces proceedings by mandamus, where there is an issue as to damages.

APPEAL from the Third District Court.

The Respondent applied to the judge of the Third District Court at Chambers, for a writ of Mandamus to compel the Appellant to deliver over to him the papers, books and records appertaining to the office of Clerk of the Probate Court of Tooele County, and claiming damages in the sum of $500.

Mandamus issued after trial of the issues before the judge. Defendant appealed.

The appeal was heard upon a statement attached to the judgment roll, from which it appeared that the statement was filed within twenty days from the date of rendition of judgment, but not until *after* the Appellant had fully perfected his appeal. Respondent in this Court moved to strike the statement from the files, and that the appeal be heard upon the judgment roll only.

The other facts appear in the Opinion.

*J. G. Sutherland,* for Appellant.

*Tilford & Hagan,* for Respondent.

LOWE, C. J., delivered the Opinion of the Court.

EMERSON, J., concurring.

BOREMAN, J., dissenting.

A question is made as to whether the statement in this appeal can be regarded as a part of the record. It appears that the notices for appeal were served and filed and bond given before the statement was filed and served on the adverse party. The statement was filed, however, within twenty days after judgment. Sec. 330 of the Practice Act, expressly gives twenty days after judgment within which to file a statement, and as the statute makes no exception as to whether the appeal has been taken we can make none. It might often work a hardship to hold otherwise, as a party may properly desire an appeal for the purpose of a supersedeas before the statement could be prepared. As the statute is express in

given twenty days for filing a statement, I think no exception can be made, and if the statement is settled and attached to the judgment roll before transmission of the record to this Court, it becomes part of the record on the appeal.

This is a mandamus case having some features in common with that of Brown *v.* Atkins, just decided. The writ was awarded and proceedings had in vacation. The Plaintiff claiming to be Clerk of the Probate Court of Tooele County, procured an alternative writ of Mandamus against the Defendants to compel the delivery to him of the records, books, etc., appertaining to the office, and also claimed a recovery of damages in the sum of $500. The Defendants answered the alternative writ, raising issues of fact, and the writ of its own motion formed four issues of fact, of which one was : " What, if any damages has the Plaintiff sustained herein." The claim for damages had been controverted by the Defendant's answer. On the forming of these issues the Defendants demanded a trial by jury, which the judge denied, and exception was taken. The judge proceeded to the trial of the case without a jury, and found for the Plaintiff, and among other things found damages for the Plaintiff in the sum of four hundred and fifty dollars, and rendered judgment therefor, and awarded a peremptory writ of Mandamus. The refusal of a jury trial and proceedings to try the issues of fact without a jury is assigned for error. I think the assignment is well made. The demand for jury trial was made promptly, and no rights were waived. It is true that Sec. 450 of the code seems to imply a discretion in the Court whether the trial of issues of fact shall be by the Court or by a jury, but no such discretion can be exercised or can exist to the prejudice of a party's Constitutional right. The seventh article of amendments to the Constitution provides that " In suits at Common Law where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved," etc. This right can not be abrogated by legislation, or by the discretion of

a Court or judge. What is meant by suits at Common Law in this article has been defined by the Supreme Court of the United States in Parsons *v.* Bedford, 3 Peters Rep. 447. It is there said, " By Common Law they (the framers of the amendment) meant what the Constitution denominated in the third article *law*, not merely suits which the Common Law recognized among its old and settled proceedings, but suits in which legal rights were to be ascertained in contradistinction to those where equitable rights alone were recognized and equitable remedies were administered, or where as in the Admiralty a mixture of public law and of maritime law and equity was often found in the same suit. Doubtless this exposition of the article shows it to embrace a case such as this. Besides other issues of fact here was an issue of damages of $500, and an express demand for the right of jury trial. I entertain no doubt that the Defendant was entitled to it. In England and in most of the states the practice is to try issues of fact in Mandamus cases by jury. Moses on Mandamus, 222.

It has been decided in California under statutes similar to our own, that a proceeding in Mandamus is a civil action, and subject to the rules and proceedings as to pleading and practice prescribed by the code. People *v.* Supervisors, 27 Cal. 655. It is true that it was impossible to have a jury in vacation, for the law makes no provision for one, but that is no reason for trying the case without a jury to the deprivation of the rights of a party. When it appeared that important issues of fact were to be tried embracing a claim for large damages, and a trial by jury was demanded, the proceeding should have been dismissed or adjourned to the Court in term where a jury trial could be had. For the error alleged the judgment should be reversed, and the cause remanded to the Third District Court for such proceedings as may be according to law.

Emerson, J., concurs.

NOTE.—Judge Boreman's dissenting Opinion is reported with the next case following.—REPORTER.