(December 21, 1906.)

ANNA E. NELSON, Plaintiff, v. EDGAR C. STEELE, Judge, Defendant.

[88 Pac. 95.]

WRIT OF MANDATE—RETURN THERETO—ISSUES MADE—JURY TRIAL—DISCRETION OF COURT—CONSTITUTIONAL LAW—SPECIAL PROCEEDINGS—CIVIL ACTION—COMMON LAW.

1. Under the provisions of section 4982, Revised Statutes, where issues of fact are made by a return to an alternative writ of mandate, neither of the parties to the proceeding is entitled to a trial of such issues by a jury as a matter of right, as that is left to the sound discretion of the court.

2. The proceeding for a writ of mandate under the provisions of the statute of Idaho is a special proceeding of a civil nature, and is not a suit at common law or a civil action, and neither party to such proceeding is entitled as a matter of right to a trial by jury.

3. The seventh amendment to the constitution of the United States is not applicable to a proceeding to obtain a writ of mandate under the provisions of the statute of Idaho.

4. Special proceedings of a civil nature provided for in title 1, chapter 1, part 3, commencing with section 4955 of the Revised Statutes, are not civil actions such as are referred to in section 4020, Revised Statutes.

5. The proceeding in the case at bar is not a suit at common law nor a civil action under our code, but a special proceeding, and the trial of the questions of fact in such proceeding may, in the discretion of the court, be submitted to a jury.

(Syllabus by the court.)

This is an application in this court for a writ of mandate to compel the district judge to submit certain questions of fact arising on the return to an application for a writ of mandate to a jury. *Writ is denied and the case dismissed.*

Stewart S. Denning and William E. Lee, for Plaintiff.

I. N. Smith, for Defendant.

SULLIVAN, J.—This is an application for a writ of mandate to compel the judge of the district court of the second judicial district of this state to submit the issues of fact made by a petition for a writ of mandate and the return made thereto to a jury. It appears from the petition that the village of Kendrick is a municipal corporation, duly organized and existing under the laws of the state of Idaho, and that the plaintiff, Anna E. Nelson, was the duly appointed, qualified and acting treasurer of said village; that the village trustees claimed that she did not render an account to the trustees at the end of each month under oath showing the state of the treasury at the date of said account and the balance of money in the treasury as she was required to do by the provisions

of section 64 of "An act to provide for the organization, government and powers of cities and villages," approved February 10, 1899, and because of such alleged failure the village trustees declared said office vacant and filled the vacancy by appointment; thereupon the said Anna E. Nelson refused to deliver over to such appointee the records, moneys, etc., belonging to said office. In that case, the answer to the petition put in issue several of the allegations of the petition, and especially the one alleging that the defendant had failed to render a monthly account of the condition of her office. When the matter came on for hearing she demanded a jury, and the judge refused to grant her one and heard the matter and granted the peremptory writ; thereupon she made application, in this proceeding, to the court for a writ of mandate directed to the district judge to compel him to submit the questions of fact raised in that proceeding to a jury.

The only question submitted for our decision is whether, under the provisions of section 4982, Revised Statutes, she is entitled, as a matter of right, to a jury trial in that proceeding. Said section is as follows: "If an answer be made which raises a question as to a matter of fact essential to the determination of the motion and affecting the substantial rights of the parties, and upon the supposed truth of the allegation of which the application for the writ is based, the court may, in its discretion, order the question to be tried before a jury and postpone the argument until such trial can be had and the verdict certified to the court. The question to be tried must be distinctly stated in the order for trial, and the county must be designated in which the same shall be had. The order may also direct the jury to assess any damages which the applicant may have sustained in case they find for him."

Counsel for plaintiff cite, in support of the contention that plaintiff is entitled to a jury trial on the questions of fact in *mandamus* proceeding, *Chamberlain v. Warburton*, 1 Utah, 269, *State ex rel. McCalla v. Turnpike Co.*, 97 Ind. 416, and other decisions. The case in 1 Utah was decided in 1875,

when Utah was a territory, and the court seemed to rest that decision upon the seventh amendment to the constitution of the United States, which provides that in suits at common law. where the value in controversy shall exceed $20 the right of trial by jury shall be preserved, and held that that right could not be abridged by legislation or by the discretion of the court or judge. That proceeding was brought to compel the appellant to deliver over to him (the petitioner) the papers, books and records appertaining to the office of the clerk of the probate court of Tooele county, and claimed damages in the sum of $500. The court there held that a trial by jury was a constitutional right. The Indiana case, *supra,* was an application for a writ of mandate to compel said turnpike company and the officers thereof to transfer certain stock on the books of said corporation to the plaintiff. The answer to the alternative writ put in issue certain facts which the court refused to submit to a jury for trial, and under the provisions of section 1171 of the statutes of Indiana the supreme court held that the plaintiff was entitled to a trial by jury. Said section is as follows: "Whenever a return shall be made in such writ, issues of law and fact may be joined; and like proceedings shall be had for a trial of issues and rendering judgment as in civil actions," and the court stated: "If, there-fore, under our code, as in this case, an issue of fact is found upon matters contained in a return to an alternative writ of mandate, it stands for trial as an ordinary civil action in which a jury may be demanded by either party"; and held that the circuit court erred in overruling the relator's demand for a jury. That case is not in point, for the reason that the statute expressly provides that issues of fact in such cases must be tried to a jury when demanded.

The case of *Chumasero v. Potts,* 2 Mont. 242, decided in 1875, is a well-considered case, and was decided during the territorial days of Montana. It is there held that a proceeding in *mandamus* is not a case at common law or a civil action under the civil practice act of that state, and that a trial by jury in such proceedings is discretionary with the court; that

to call that proceeding an action or suit at law would be a misnomer. In *Dutton v. Village of Hanover,* 42 Ohio St. 215, which was an application against the village council of Hanover to compel that body to order an election as required by certain sections of the statute, it was held that the issue made by the answer was not of right triable by a jury. *Atherton v. Sherwood,* 15 Minn. 221, 2 Am. Rep. 113, was an application for an alternative writ of mandate directed to Sherwood, commanding him to deliver to the relator the seal, books, records, papers and all other things whatsoever belonging to the office of the district court clerk of Mowers county, Minnesota, or show cause. The answer put in issue certain facts, and the court held that the provisions of the constitution, article 1, section 4, relating to trial by jury, were not intended to, and do not, include proceedings of this nature. Also, see *State v. Lake City,* 25 Minn. 404. In *Castle v. Lawler,* 47 Conn. 340, it was held that the trial of an issue of fact as to the truth of a return to an alternative writ of *mandamus* is not required by the constitution to be before a jury; and in *State v. Suwannee,* 21 Fla. 1, it is held that issues of fact in *mandamus* proceedings are triable by the court and not by a jury.

This proceeding is not a civil action under the provisions of our statute. It is a special proceeding of a civil nature. (See Rev. Stats., pt. 3, tit. 1, c. 1.) Said section 4982 provides that the court may in its discretion order questions in this kind of a proceeding, tried before a jury, thus leaving it to the sound discretion of the court whether the question of fact shall be tried by a jury or not. While in some of the early California cases it was held that questions of fact arising by the answer in proceedings in *mandamus* must be submitted to the jury if demanded, however, in *Howel v. Hogin, Treasurer, etc.* (Cal. App.), 84 Pac. 1002, the court held, under the provisions of section 1090 of the Code of Civil Procedure (which is identical with our section 4982), if the answer in the *mandamus* proceeding raises a question as to a matter of fact essential to the determination of a motion for a writ of mandate and affecting the substantial rights of a party, etc.,

the court may, in its discretion, order the question to be tried before a jury, and that it was no abuse of discretion to refuse to order such disputed questions of fact to be tried before a jury. It will thus be seen that the supreme court of California now holds that questions of fact in this class of proceedings may or may not, in the sound discretion of the court, be submitted to a jury.

The term ''special proceeding'' is used in the codes of practice in many of the states in contradistinction to ''action,'' and it was held in *Re Central Irr. Dist.*, 117 Cal. 382, 49 Pac. 354, that any proceeding in a court which was not under the common law or a suit in chancery is a special proceeding. ''The term 'special proceeding,' within its proper definition, is a generic term for all civil remedies .in courts of justice which are not ordinary actions. Where the law confers a right and authorizes a special application to a court to enforce it, the proceeding is special within the ordinary meaning of the term 'special proceeding.' (*Schuster v. Schuster,* 84 Minn. 403,'' 87 N. W. 1014.)

The case of *Gwinn v. Melvin,* 9 Idaho, 202, 108 Am. St. Rep. 119, 72 Pac. 961, involved the question of an application for administration on the estate of an intestate which was not made within four years from the date the applicant's right accrued, whether the statute of limitations, section 4060, Revised Statutes, barred such proceeding. In that case this court held that the provisions of said section 4060 applied to the proceeding involved in that action, and also held under the provisions of section 4080, which is as follows: ''The word 'action,' as used in this title, is to be construed, wherever it is necessary so to do, as including a special proceeding of a civil nature,'' that that section of the Revised Statutes makes the statute of limitations applicable to certain special proceedings of a civil nature, but it was not intended to provide that all special proceedings of a civil nature were civil actions within the meaning of that term as used in section 4020 of the Revised Statutes. There is a clear distinction between the civil action referred to in said section 4020 and a special proceeding of a civil nature referred to in title 1, part 3, of the

Revised Statutes. It was clearly the intent of the legislature, in the enactment of said section 4982, to leave the matter to the discretion of the court as to whether questions of fact raised on an application for a writ of mandate are to be tried to a jury, and that does not in any way infringe on the provisions of the seventh amendment to the constitution of the United States, to the effect that in suits at common law, where the value in controversy shall exceed $20, the right to trial by jury shall be preserved.

The proceeding at bar is not a suit at common law nor a civil action under our code, but a special proceeding, and the trial of the questions of fact may, in the discretion of the court, be had before a court or before a jury. The peremptory writ is denied and the application dismissed, with costs in favor of the defendant.

Ailshie, J., concurs.

STOCKSLAGER, C. J., Dissenting.—I cannot concur in the conclusion reached by the majority of the court. I think, under the showing made by plaintiff, she was entitled to have the questions of fact submitted to a jury. The right to trial by jury in cases of this character is guaranteed by the constitution of the United States as well as the constitution of this state, and should never be denied any citizen when such trial is demanded.