(No. 6671. October 5, 1939.)

O. A. SNOW, as Administrator of the Estate of H. J. BLODGETT, Deceased, Appellant, v. PROBATE COURT OF JEFFERSON COUNTY, STATE OF IDAHO, and GEORGE M. LARSON, Judge of Said Court.

[95 Pac. (2d) 844.]

C. A. Bandel and Hoyt Ray, for Appellant.

Ralph L. Albaugh, for Respondents.

MORGAN, J.—This is an appeal from a judgment of the district court quashing a writ of review of an order of the Probate Court of Jefferson County which vacated and set aside a decree, made and entered by the probate court January 5, 1938, in the matter of the estate of Sarah Ann Blodgett, deceased.

The record shows that H. J. Blodgett and Sarah Ann Blodgett were married October 15, 1891, and continued to be husband and wife from then until September 13, 1937, when she died; that she left surviving her husband and nine children; that during their married life, and prior to May 12, 1923, she and her husband acquired, by their joint efforts, real estate in Jefferson county and that, on the date last mentioned, they joined, as grantors, in the execution of a deed, which was thereafter recorded, conveying the land, for $1 and love and affection and other valuable consideration, to Sarah Ann Blodgett.

November 20, 1937, Blodgett filed, in the Probate Court of Jefferson County, a petition setting forth the marriage; that his wife had died intestate; that property above referred to was acquired by petitioner and his wife by their joint efforts during the existence of their marriage relationship

and was, at the time of her death, their community property. Petitioner prayed that an order be made that all persons interested appear before the court, at a time and place to be specified, to show cause why the petition should not be granted and that an order be made decreeing that said property belonged to him, the surviving husband.

January 5, 1938, the probate court made and entered a decree, wherein the facts were found as alleged in the petition, in which decree the following appears:

"that the said property, and the whole thereof, became, at the death of said deceased, Sarah Ann Blodgett, the property of her said husband, H. J. Blodgett, he being the sole and only heir at law of said deceased, and the said property, and the whole thereof, is now vested in fee simple in the said H. J. Blodgett, free and clear of all right, title, claim or demand of any other person claiming under or through the said Sarah Ann Blodgett, as an heir or otherwise; that the said Sarah Ann Blodgett died intestate on the 13th day of September, 1937, and that the said property hereinafter described, and the whole thereof be, and the same is hereby by the court decreed to be the community property of said deceased and the said H. J. Blodgett, and is hereby decreed and distributed to the said H. J. Blodgett as his sole and separate property;"

Within six months after the decree was entered certain of the children of Sarah Ann Blodgett, deceased, made and filed in the probate court, in the probate proceeding here under consideration, their proposed objections to Blodgett's petition, supported by their affidavit, wherein they set out the execution and delivery of the deed of May 12, 1923, conveying the real estate in question to their mother and alleging that at the time of her death it was her sole and separate property and not the community property of their father and mother; that notice of the hearing of their father's petition that said property be decreed to be community property and as such awarded to him was given by posting notices in three places in Jefferson county, and they further stated in the affidavit:

"That these affiants, or either, or any of them, or any of the contestants herein did not have any notice or knowledge that said petition was filed by said H. J. Blodgett or that said decree was entered, or any notice or knowledge whatever of said probate proceedings until the month of April, 1938, and no copy of the notice of said hearing was ever served upon these affiants, or either of them, or any of said children;"

Affiants prayed that a date be fixed for hearing the motion to vacate and set aside the decree and that a citation be issued to H. J. Blodgett notifying and requiring him to appear and show cause why the motion should not be granted and the decree set aside and vacated.

A citation was issued, as prayed for, and thereafter such proceedings were had in the probate court that an order was duly made and entered, August 19, 1938, wherein the following appears:

"NOW, THEREFORE, IT IS ORDERED AND ADJUDGED that the said decree heretofore rendered and entered herein on the fifth day of January, 1938, be, and the same hereby is vacated and set aside, and the said contestants be, and they hereby are permitted to come in and defend, and that contestants' proposed objections to said petition filed herein by H. J. Blodgett shall be filed and may stand as the objections of said contestants to said petition of said H. J. Blodgett."

Following the making and entry of that order in the probate court this action was commenced by Blodgett for a writ of review. It was sought in the action to have the order annulled and adjudged to be void and of no effect.

The writ was issued and a return thereon was made by the defendants, the Probate Court of Jefferson County and the judge thereof, who filed a motion to quash the writ of review and a demurrer to the application therefor. Upon hearing said motion and demurrer, the district judge, being fully advised in the premises, entered judgment to the effect that the demurrer to the application for the writ be, and the same was, sustained; that the writ be, and it was, annulled, vacated, set aside and quashed.

This appeal is from the judgment. Pending the hearing of the appeal Blodgett died and O. A. Snow, as administrator of his estate, has been substituted for him as appellant.

The question presented for decision is as to whether or not the probate court had jurisdiction to make and enter the order vacating and setting aside its decree that the property here in controversy was the community property of Sarah Ann Blodgett, deceased, and H. J. Blodgett, her surviving husband, and awarding it to him.

In *Moyes v. Moyes, ante,* p. 601, 94 Pac. (2d) 782, we reannounced the rule stated in *Short v. Thompson,* 56 Ida. 361, 376, 55 Pac. (2d) 163, 169, as follows:

"If the probate court erred and the decree settling the account is erroneous, the answer is that a remedy was available to both the guardian and surety to have the judgment reviewed and the error corrected both by motion in the court where entered (*Luke v. Kettenbach,* 32 Ida. 191, 197, 181 Pac. 705; *Baldwin v. Anderson,* 51 Ida. 614, 8 Pac. (2d) 461; same case, 52 Ida. 243, 13 Pac. (2d) 650; and by appeal, sec. 5–905, I. C. A.; *Miller v. Prout,* 32 Ida. 728, 187 Pac. 948)."

██ ██ It is well settled in this state that probate courts are courts of record in probate matters and have exclusive original jurisdiction in all matters of probate (Ida. Const., art. 5, sec. 21); also, that they have jurisdiction to hear and decide upon petitions and motions to set aside their decrees. I. C. A., sec. 15–1509, relating to practice in probate courts, provides:

"Except as otherwise provided in this title, the provisions of titles 5 to 12, inclusive, are applicable to, and constitute the rules of practice in, the proceedings mentioned in this title."

Section 5–905, being part of title 5 of the code, provides for relief of "a party, or his legal representative, from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect."

██ The showing made, by those seeking to contest Blodgett's petition, that the real estate in question was the sepa-

rate property of their mother and, as such, was subject to their right of inheritance; also, that they did not know of the pendency of the proceeding in the probate court until after the decree was entered, is a sufficient showing of ''inadvertence, surprise and excusable neglect'' to invoke the jurisdiction of the probate court to vacate and set aside its decree and permit the matter to be heard on its merits.

The code section providing for a decree by the probate court awarding the community property to the surviving husband, in the event of the death of the wife intestate, is I. C. A. (1932), sec. 14–114, and is a part of title 14. Appellant argues, sec. 15–1509, makes the provisions of titles 5 to 12, inclusive, and none other, applicable to proceedings mentioned in title 15 of the code and, since sec. 14–114 is a part of title 14, the provisions of sec. 5–905 are not applicable thereto.

Section 14–114 was originally enacted as chapter 118 of 1923 Session Laws. That chapter amended Compiled Statutes (1919), title 57, by inserting therein sec. 7803–A, which contained the provisions, now under consideration, of what is now I. C. A., sec. 14–114. Compiled Statutes, sec. 7764, is:

''Except as otherwise provided in this title, the provisions of Title LV are applicable to, and constitute the rules of practice in, the proceedings mentioned in this title.''

Compiled Statutes, sec. 6726, was a part of title 55 of the code, and provided for the relief of ''a party, or his legal representative, from a judgment, order or other proceeding taken against him through his mistake, inadvertence, surprise or excusable neglect.''

It will be seen from the foregoing that in the 1932 codification of the laws the section relative to the disposition of the community property of a wife who died intestate was placed in a different title than that occupied by it theretofore. Such a change in codification does not amend the law. It remains as it was theretofore. (*Libby v. Pelham*, 30 Ida. 614, 166 Pac. 575; *State v. Purcell*, 39 Ida. 642, 228 Pac. 796.)

Counsel for appellant argue that respondents proceeded in the district and probate courts on the theory that the following provision of sec. 5–905 applies to this case:

"When from any cause the summons in an action has not been personally served on the defendant, the court may allow, on such terms as may be just, such defendant, or his legal representative, at any time within one year after the rendition of any judgment in such action, to answer to the merits of the original action."

They further insist that parties to an action are bound by the theory on which they try it and that respondents cannot now rely on the portion of sec. 5–905 providing for relief from a judgment or order taken through mistake, inadvertence, surprise or excusable neglect. In this court respondents urge they are entitled to relief under either or both provisions of the statute.

The transcript, of course, does not contain the arguments of counsel in either the probate or district court, and we are unable to find therein any contention, made by respondents, which is inconsistent with the theory that they are entitled to relief from the decree of the probate court because of their inadvertence, surprise or excusable neglect. The contention of appellant that the last-mentioned provision of the section is not available to respondents is untenable.

The judgment sustaining the demurrer and quashing the writ is affirmed. Costs are awarded to respondents.

Ailshie, C. J., and Budge, Givens and Holden, JJ., concur.

Petition for rehearing denied.