369 P.2d 586

Jessie Weaver MUNCEY, as Contestant of the Will of Robert H. Muncey, deceased, Plaintiff-Appellant,

v.

The CHILDREN'S HOME FINDING AND AID SOCIETY OF LEWISTON, Idaho, as proponent of the Will of Robert H. Muncey, Defendant-Respondent.

No. 9045.

Supreme Court of Idaho.

March 2, 1962.

James Ingalls, Coeur d'Alene, for appellant.

Hawkins & Miller, McNaughton & Sanderson, Coeur d'Alene, for respondent.

C. J. Hamilton, Coeur d'Alene, for Milton J. Higgens.

Wm. D. McFarland, Coeur d'Alene, for Elsie Wilde Evans.

McFADDEN, Justice.

Appellant is the widow of Robert H. Muncey, who died June 19, 1958. She is also one of the co-executors nominated in decedent's purported last will, and is the contestant to the probate of this will. Milton J. Higgens, nominated as the other co-executor, presented the purported will to the probate court and petitioned, not for probate of the will, but for determination of its validity, he claiming it not to be the last will and testament of decedent.

Respondent Children's Home Finding and Aid Society of Lewiston, the residuary legatee and the devisee under the purported will, petitioned for its admission to probate and appointment of third party as an administrator with will annexed.

Subsequent to these petitions, appellant filed her contest of the will, claiming decedent was incompetent to execute the will, that it was not executed by him, and was not properly attested. Respondent answered this petition contesting the will, denying appellant's claims directed to the validity of the will.

The Probate Court heard the issues presented, and admitted the will to probate, ordering the persons nominated (including appellant) be appointed executors upon posting the required bond. From this order, appellant in her individual capacity, appeals to the District Court on both the law and facts from the findings and order of the Probate Court admitting the will to probate.

A pre-trial hearing was held before the District Judge on the day preceding the date set for trial. A memorandum of the pre-trial hearing was later signed by the District Judge and approved by all attorneys appearing for the respective parties including appellant's attorney, being other than the one now representing her. The memorandum recites that the purpose of the pre-trial hearing was to resolve the issues between the parties in connection with the appeal; that during the course of the hearing an offer of settlement was made by the respondent to appellant Muncey by which it was agreed that the will would be admitted to probate, and that appellant would receive various sums in addition to the amount provided in the will; that she was also to receive decedent's home and furnishings as her sole and separate property. The memorandum further states, after the offer was made, appellant's then counsel retired from the hearing and conferred with his client.

The memorandum continues:

"* * * About an hour later he returned and stated in open Court that he had conferred with his client and had submitted to her all the above terms of settlement, and that his client, Jessie Weaver Muncey had authorized him to agree to the settlement offer and to the dismissal of all appeals, upon the terms and conditions above set forth, which settlement was considered fair and just by all attorneys present.

"Pursuant to the compromise and settlement thus made in open Court, the Judge having made notes thereof from which this Memorandum is basically dictated, approved the same, and it was then and there agreed that the jury trial which had been set for the next day would be vacated and the jury discharged, and that all appeals pending in this Court in said matter would be dismissed and the matter remanded to the Probate Court for further proceedings, *after the stipulation*

*was reduced to writing and filed.*
* * *" (emphasis added).

The memorandum also recites that the respondent would execute necessary documents to carry out the effects and purposes of the stipulation, and that the memorandum was a full, complete and true transcript of the proceedings of the pre-trial hearing.

The same day, the Final Decree, from which this appeal is taken, was entered. It states in its recitation of preliminary matters that appellant's counsel representing her at the time of the District Court hearing:

"* * * stated to the Court that a day or two subsequent to the said pre-trial hearing on November 16, 1960, that his client *Jessie Weaver Muncey had decided to not sign the stipulation made at said pre-trial hearing, and directed that the same be not signed by her attorney.* * * *" (emphasis added).

The Decree continues:

"NOW THEREFORE, pursuant to said pre-trial hearing settlement, it is,

"ORDERED, ADJUDGED AND DECREED that all appeals in said matter be and are hereby dismissed and said *cause be remanded to the Probate Court of this County for further proceedings, upon the following terms, to*

*be faithfully kept and performed:"* (emphasis added).

Following which the same terms of the purported settlement providing for additional payments to appellant, her attorney, and for her support, executors' commission and other matters were again reiterated.

The italicized portion of the Memorandum quoted above, indicated that all parties contemplated a formal written instrument would be prepared encompassing all of the terms, conditions and agreements as outlined in the oral stipulation, and that such written instrument would be submitted to their respective clients for signature.

The relationship between an attorney and client is one of agency. The answer to whether an attorney can bind his client by a stipulation rests in whether the subject of the stipulation falls within the scope of the attorney's implied authority, and if it is outside the attorney's implied authority, whether the client has actually authorized or later ratified his actions. It is generally recognized that an attorney has "* * * the general implied or apparent authority to enter into or make such agreements or stipulations, with respect to procedural or remedial matters, as appear, in the progress of the cause, to be necessary or expedient for the advancement of his client's interest or to accomplishment of the purpose for which the attor-

ney is employed." 7 C.J.S. Attorney and Client § 100, p. 917. Yet it is well settled that " * * * The implied authority of an attorney ordinarily does not extend to the doing of acts which will result in the surrender or giving up any substantial right of the client. * * *" 7 C.J.S. Attorney and Client § 79, p. 897. See: Storey v. United States Fidelity & Guaranty Co., 32 Idaho 388, 183 P. 990; Ann. 30 A.L.R.2d 944. Here appellant's counsel at the pre-trial was dealing with her right to appeal, a substantial right.

 I.C. § 3–202 cited by appellant is not particularly helpful here. It provides in part:

"I.C. § 3–202. Authority of Attorney.—An attorney and counselor has authority:

"1. To bind his client in any of the steps of an action or proceeding, by his agreement filed with the clerk, or entered upon the minutes of the court, and not otherwise.

"2. * * *"

The interpretation given Cal.C.C.P. § 283, identical to I.C. § 3–202, in Redsted v. Weiss, 71 Cal.App.2d 660, 163 P.2d 105, quoting Preston v. Hill, 50 Cal. 43, 19 Am. Rep. 647, seems reasonable and correct.

"It (Cal.C.C.P. § 283) was not intended to enlarge or abridge the authority of the attorney; but only to prescribe the manner of its exercise, by requiring the agreement to be filed with the clerk or entered upon the minutes."

In the instant case, the actual authority of the attorney was not expanded by any implied authority, appellant reserving the right unto herself personally to sign the stipulation. The district court in exercising its appellate jurisdiction in probate matters is limited to deciding the issue previously tried in the probate court and presented by the appeal. Const. Art. 5, § 20; I.C. § 1–705; In re Chase's Estate, 82 Idaho 1, 348 P.2d 473. Here the decree not only purported to dismiss the appeal, but also to impose terms on the probate court beyond the issues presented by the appeal to the district court. This was beyond its authority, as the probate court is not only the court of original, but also exclusive jurisdiction in probate matters. Idaho Const. Art. 5, § 21, Snow v. Probate Court, 60 Idaho 611, 95 P.2d 844. Any such purported settlement agreement, pertaining to an appeal before the district court and also to issues exclusively within the jurisdiction of the probate court, purporting to have been binding on the parties, would also have had to have been executed by all parties affected, inasmuch as such instrument intended to encompass matters directly affecting substantial interests of the parties—

matters clearly beyond the original issue of admission of the will to probate presented in the probate court and on appeal to the district court. Clearly, any such instrument to be binding on the parties would require it to be filed with the probate court, or entered on its minutes in order that further proceedings in the probate court in the matter of the estate be in conformity with such agreement.

 Appellant was not present at the pre-trial hearing. Her rejection of the purported settlement within a day or two subsequent to the pre-trial hearing was a clear rejection of any offer submitted to her. While it is recognized that generally an attorney is presumed to be duly authorized to act for a client, when a question of his authority is raised, as in this instant case, his actual authority must be established, which has not been done.

The purported stipulation having included matters which attempted to resolve issues not as yet presented to the Probate Court nor embraced within the scope of the question presented on the appeal to the District Court, i. e., whether the Probate Court erred in admitting the will to probate, the order of the trial court must be reversed and the appeal reinstated.

The order is reversed and cause remanded for further proceedings within the jurisdiction of the District Court. Costs to appellant.

SMITH, C. J., TAYLOR and McQUADE, JJ., and TOWLES, District Judge, concur.