464 P.2d 926

**SILVER BOWL, INC., United Mines, Inc., Signal Silver-Gold, Inc., New Era Mines, Inc., and Utah-Idaho Consolidated Uranium, Inc., Plaintiffs-Respondents,**

v.

**EQUITY METALS, INC., and William C. Harrison, Defendants-Appellants.**

No. 10338.

Supreme Court of Idaho.

Feb. 3, 1970.

Rehearing Denied Feb. 26, 1970.

H. S. Sanderson, Coeur d'Alene, William C. Harrison and Hamblen, Gilbert & Brooke, Spokane, Wash., for defendants-appellants.

H. J. Hull & Sons, Wallace, for plaintiffs-respondents.

McFADDEN, Chief Justice.

The plaintiffs (respondents herein) instituted this action in mandamus to require the defendants, Equity Metals, Inc., and William C. Harrison (appellants herein) to return to the respondent corporations certain corporate records and files in the custody of the appellants. An alternative writ issued, and answer was filed by appellants. Following hearing on the issues framed by the answer, the court ordered that the writ be made permanent, and this appeal resulted.

The respondents in this action are all Idaho corporations with the same individuals, in a number of instances, serving on each of the others' boards of directors.

Prior to the difficulties leading to this action, appellant William C. Harrison, an attorney from Spokane, Washington served as the general manager and corporate counsel for each of the respondent corporations and also served as general manager and counsel of appellant Equity Metals, Inc. Appellant Equity Metals, Inc., was the corporate agent for each of the respondents, handling their records and stock transfers.

The difficulties resulting in the present litigation culminated on March 4, 1968, when appellant Equity Metals, Inc., terminated the employment of Dorothy P. Brainard, who was, in addition to being an officer of Equity Metals, Inc., the secretary of each of the respondent corporations. Mrs. Brainard obtained a writ of prohibition in the district court and with her husband, Wendell R. Brainard (an officer and director of appellant Equity Metals, Inc., and also a director of each of the respondent corporations) and a deputy sheriff, entered the offices of Equity Metals, Inc., in Kellogg, Idaho and seized certain records and papers allegedly belonging to the respondent corporations.

On March 6, 1968 appellants obtained a court order restraining the Brainards and their associates from disposing of any of these records and from seizing any more records. At that time the court appointed an accountant in Kellogg as the custodian of the records seized.

On March 7, 1968 each of the respondent corporations held a meeting of its board of directors, and each corporation

489

terminated the services of appellant Harrison as counsel and general manager, and severed all connections with Equity Metals, Inc. Equity Metals, Inc., and Harrison sought judicial review of the action taken at these meetings, and the district court invalidated the dismissal of the appellants on the ground that timely notice of the meetings of the respective corporations had not been given. Mrs. Brainard, as secretary of each of the respondent corporations, then issued notices of another meeting to be held on March 16, 1968.

Directors' meetings were again held March 16, 1968 by each of the respondent corporations. Harrison attended some, but not all of the directors' meetings. Each of the respondent corporations terminated Harrison's services as manager and counsel, and each of them also severed connections with Equity Metals, Inc. On April 1, 1968 the respondent corporations each sent notices to Equity Metals and Harrison informing them of the action taken at the directors' meetings and demanding the return of all records of the respective corporations held by appellants. Harrison then demanded payment of fees, which demands were rejected by the corporations. The fees are still unpaid, except as to Silver Bowl, Inc.

On May 3, 1968 the instant action was instituted for an alternative writ of mandate, seeking return of all corporate records of the respondents held by the appellants. On the basis of affidavits filed with the application for the alternative writ, the district court issued its alternative writ of mandate ordering appellants to return all records or show cause why they should not be compelled to do so. Answer was made to the alternative writ, and the cause was heard by the court on June 25, 1968. At the hearing the parties stipulated that the minutes of the directors' meetings at which the appellant's services were terminated would be admitted in evidence. Appellant Harrison did not attend the hearing because of illness at the time, but he and the appellant corporation were represented by an Idaho attorney and an at-

torney from Spokane, Washington. At the close of the hearing, the trial court entered its order granting the writ of mandate directing Equity Metals, Inc., and Harrison to return all books and records to respondents and terminating the custodianship over the records.

■ The appellants contend that the trial court erred in proceeding with the hearing when appellant Harrison was absent due to illness. They assert that only Harrison was familiar enough with the case to adequately represent the appellants' interests. It is important to note, however, that the appellants were represented in court by two attorneys, neither of whom made any objection on the grounds of Harrison's absence from the court's proceeding. Moreover, no motion was made for a continuance. It is well settled in this jurisdiction that an attorney has implied or apparent authority to take such steps regarding procedural matters as appear during the trial of a case to be in his client's interest. See Muncey v. Children's Home Finding & Aid Society, 84 Idaho 147, 369 P.2d 586 (1962); Storey v. United States Fidelity & Guaranty Co., 32 Idaho 388, 183 P. 990 (1919). It is our opinion that appellants were adequately represented at the hearing, and if a continuance was desired counsel could have sought it. Under the circumstances the court did not err in proceeding with the hearing in the absence of appellant Harrison.

■ The appellants also contend that the trial court erred in failing to postpone the hearing until a trial by jury could be had on issues of fact raised by the return and answer to the application for alternative writ of mandate. It does not appear from the record, however, that the appellants ever requested a jury trial. I.R.C.P. 38(b). As this court stated in Nelson v. Steele, 12 Idaho 762, 88 P. 95 (1906),

"* * * It was clearly the intent of the Legislature, in the enactment of said section 4982 [presently I.C. § 7–307], to leave the matter to the discretion of the court as to whether questions of fact

raised on an application for a writ of mandate are to be tried to a jury * * *." (at 768, 88 P. at 97)

The record does not reveal any abuse of discretion on the part of the trial court in proceeding to hear arguments on the application for a writ of mandate, especially in the absence of any request by the appellants for a preliminary jury trial on issues of fact.

■ The appellants argue that the writ of mandate is not the proper remedy in the present case and should have been denied for that reason. They contend that the respondents have an adequate remedy at law in the form of an action for claim and delivery, and that mandamus will issue only when an applicant has no plain, speedy or adequate remedy in the ordinary course of the law. I.C. § 7-303; Fenton v. Board of County Commissioners of Ada County, 20 Idaho 392, 119 P. 41 (1911); Beem v. Davis, 31 Idaho 730, 175 P. 959 (1918). Claim and delivery is not an adequate remedy in the present case. Under I.C. § 8-306 the appellants would have been entitled to post a redelivery bond and retain possession of the records in question even though the respondents had initiated a claim and delivery action. As the Oregon Supreme Court stated in Hunt v. Ketell, 197 Or. 659, 253 P.2d 272 (1953),

"Mandamus, however, is a personal action against the defendant or respondent. * * * It has for its purpose the compulsion of legal duties resting on officers and others. * * * If the performance of such duty includes the restitution of property, it is not necessary to describe it with the particularity required in a replevin proceeding. * * * Frequently, an exact description of the character, extent and location of such property in the possession of the offending respondent would be unknown to the petitioner. Mandamus, therefore, expedites restoration of possession by one proceeding against defendant and without regard to the situs of the property involved.

"There is another consideration which emphasizes the superior adequacy of mandamus over replevin. Under our practice, the defendant in a replevin action may post a redelivery bond and return possession of the property in question. * * * Such a result might well defeat the corporation in the furtherance of the business for which it was organized." (253 P.2d at 275)

Moreover, it has been held on numerous occasions that mandamus is a proper action to compel a former corporate officer to return books and records to a corporation. See 18 Am.Jur.2d Corporations, § 176, p. 705; Annot. 93 A.L.R. 1061; 5 Fletcher, Cyclopedia Corporations, §§ 2194, 2382 (perm. ed. rev. repl. 1967).

■ The appellants also urge that even if mandamus is the proper remedy, it is not directed against the proper persons. Harrison argues, citing Beem v. Davis, supra, that since he might be fired by Equity Metals, Inc., at any time, he might be unable to comply with the writ of mandate. In Beem v. Davis, supra, this court held that a writ of mandate could not be issued against a village constable ordering him to enforce a village ordinance because he might be discharged by the village at any time, in which case he would have no authority to enforce the ordinance and the writ of mandate would therefore be rendered nugatory. The present case, however, is distinguishable in that Harrison does not hold the corporate records in question only in his capacity as an agent of Equity Metals, Inc.; rather, he also holds them as former counsel and general manager of the respective respondents. Whether he could be discharged by Equity Metals, Inc., or not is immaterial since he has personal possession of the records. The writ of mandate, therefore, was properly directed against him.

■ The appellants also maintain that the writ of mandate is improperly directed against Equity Metals, Inc., because it is a corporation and not capable of physically transferring possession of the books and

records to the respondents in compliance with the writ. This issue was not raised in the trial court. Moreover, under I.C. § 30–114 a corporation is capable of suing and being sued, and hence, the writ of mandamus could properly be issued against it.

■ The writ of mandamus will only be issued where there is a clear legal right to the relief sought and a clear duty of performance on the one whom it is sought to compel to act. McDonald v. Pritzl, 60 Idaho 354, 93 P.2d 11 (1939); Vandenberg v. Welker, 74 Idaho 508, 264 P.2d 1029 (1953). The appellants maintain that the respondents have not established a clear legal right to the records because the validity of the directors' meetings at which the appellants were discharged is being challenged in a court action. Until the validity of these meetings is determined, the appellants assert, the respondents have no clear legal right to the records.

■ At the hearing in the present case, the parties stipulated to the admission in evidence of the minutes of the directors' meetings in question, showing that the employment of the appellants was terminated. As the trial court noted,

"Let me dispose, first of all, of this question of motion for judicial review or petition for judicial review [of the directors' meetings]. That was filed. I was aware of it but the applicant for the review has never made any request to the court for a hearing date or anything else. I would have to presume, in the absence of such hearing, it was up to the applicant to bring it up for hearing and not up to the court, that these minutes would be valid. In other words, it presumes the validity of the minutes at this present proceeding.

"* * * And it seems to me, the directors, here having, in these minutes, terminated the relationship of the companies with Equity Metals, that under those circumstances and no showing having been made that these were illegal meetings that were held, that the direc-

tors and managing officers of the corporations—that the Writ of Mandate should issue to have all books and records turned over to the Board of Directors or authorized Officers by the Board of Directors."

The district court was correct in its statement that the minutes of the board of directors' meeting are prima facie evidence of the matters recorded therein. Just v. Idaho Canal & Improvement Co., Ltd., 16 Idaho 639, 102 P. 381 (1909); 5 Fletcher, Cyclopedia Corporations, § 2196, pp. 724–726 (perm. ed. rev. repl. 1967). These minutes reflect that the appellants' services were terminated by the respective respondents, and since the appellants have failed to come forth with any proof that such action was illegal, it is our opinion that the respondents have demonstrated a clear legal right to the records.

■ The appellants' final contention is that they each have a possessory lien on the records in question for payment of their respective fees and cannot be compelled to surrender possession until such fees are paid. Equity Metals, Inc., claims its lien under I.C. § 69–131. Although this section was repealed (1967 S.L. Ch. 161, §§ 10–102) effective at midnight on December 31, 1967, which was prior to the time the instant action arose, I.C. §§ 28–7–201–28–7–210, which replaced it, also provides for a warehouseman's lien. Equity Metals, however, was not a warehouseman entitled to a lien under this statute. See I.C. §§ 28–7–102(1) (h), 28–7–209(1).

■ Appellant Harrison claims that he holds a common law attorney's retaining lien on the records for payment of his fees. See Curtis v. Richards, 4 Idaho 434, 40 P. 57 (1895). The respondents, however, contend that this common law lien is no longer recognized in Idaho since I.C. § 3–205 provides for attorney's liens and provides only for the "charging lien" which attaches to judgments, verdicts or decisions. They argue that the legislature intended to replace the common law lien recognized in Curtis v. Richards, supra, when

it enacted I.C. § 3–205. Assuming the validity of the possessory attorney's lien discussed in Curtis v. Richards, supra, it is our opinion that in any event Mr. Harrison cannot avail himself of it. It is uncontroverted that a possessory lien is available only to secure attorney's fees and charges which are due. Mr. Harrison's relationship with the respective respondents, however, was not only as an attorney but also as general manager of each of the respondent corporations. At no stage of these proceedings has he indicated how much is owing to him or whether he is claiming these fees as attorney's fees or as compensation for his services as general manager. Under these circumstances he has failed to establish any valid possessory lien upon the records which would preclude the issuance of the writ of mandate.

The judgment of the district court is affirmed. Costs to respondents.

McQUADE, DONALDSON, SHEPARD, and SPEAR, JJ., concur.