Paul T. VAN WINKLE, Rodger L. Webb, D.M. Simmons, individually, and d/b/a 4150 Joint Venture, a Colorado joint venture, Plaintiffs-Appellants,

v.

TRANSAMERICA TITLE INSURANCE COMPANY, Defendant-Appellee.

No. 83CA0048.

Colorado Court of Appeals, Div. III.

Sept. 27, 1984.

Rehearing Denied Nov. 1, 1984.

Certiorari Denied March 25, 1985.

Goldstein & Armour, P.C., James H. Downey, Denver, for plaintiffs-appellants.

Dietze, Davis & Porter, Peter C. Dietze, Boulder, for defendant-appellee.

TURSI, Judge.

Plaintiffs, Paul T. Van Winkle, Rodger L. Webb, D.M. Simmons, individually and as joint venturers composing 4150 Joint Venture, appeal the trial court's disposition of their several claims for relief against defendant, Transamerica Title Insurance Company, and the entry of judgment in favor of Transamerica on its counterclaim. We affirm in part and reverse in part.

In October 1973, Van Winkle purchased a 76 acre parcel of land in Arapahoe County. In mid-October 1973, Transamerica issued a title insurance policy on the property in the name of Van Winkle. Later that same month, Van Winkle transferred title of that land to 4150 Joint Venture.

The property, which has the South Platte River on its eastern border, was used by 4150 Joint Venture to conduct landfill operations. The landfill operation over a period of time caused the South Platte River to shift to the east, thereby encroaching upon the property across the river, which was owned by Peter Kiewit Sons Company (Kiewit). As a result of the shift in course, Kiewit lost approximately 4 acres of property. On March 22, 1976, Kiewit filed an action for damages against plaintiffs in Arapahoe County.

In early November 1976, plaintiffs sold the property to Summit Denver Properties. Plaintiffs applied for, and received, a title insurance policy from Transamerica for the benefit of Summit. They did not disclose the pending damage action to either Summit or Transamerica. A *lis pendens* was filed by Kiewit in November 1977.

In December 1978, Kiewit amended its complaint by joining Summit as a defendant and by asserting claims involving title. Pursuant to the title insurance policy issued to Summit, Transamerica retained counsel and defended Summit in the action. In June 1980, plaintiffs, who had been represented by private counsel during the previous four years of litigation, demanded defense and indemnity from Transamerica pursuant to the title insurance policy issued to Van Winkle. Transamerica offered to defend Van Winkle only, as he was the named insured on the title insurance policy. Van Winkle refused.

The parties eventually settled the litigation by payment of $145,000 to Kiewit. Transamerica paid $49,000 on behalf of Summit and incurred an additional $49,-183.45 legal expenses in defending the action. Plaintiffs paid $21,000 in settlement, and incurred litigation expenses of approximately $25,000.

In December 1980, plaintiffs filed this complaint for declaratory judgment against Transamerica seeking indemnification for the settlement amount and for the legal expenses they had incurred in the Kiewit litigation. Plaintiffs' complaint was subsequently amended to include the claim of bad faith breach of insurance contract. Transamerica counterclaimed against plaintiffs for the costs it incurred in defending and settling Kiewit's claim against Summit on the ground that plaintiffs negligently failed to disclose the existence of the Kiewit litigation when they applied for the Summit title insurance policy. Trial was to the court.

The trial court found that Van Winkle was the only named insured on the first title insurance policy and, accordingly, concluded Transamerica was obligated to defend and indemnify Van Winkle only. The trial court held, therefore, that Van Winkle is entitled to reimbursement from Transamerica for legal expenses incurred from the date of his demand to be defended. Accordingly, the trial court awarded Van Winkle $1,669.07. Plaintiffs' remaining

claims were denied by the trial court. The trial court entered judgment in favor of Transamerica against plaintiffs on its counterclaim. It awarded Transamerica $98,183 for costs incurred in defending and settling Kiewit's claims against Summit.

## I

■ Plaintiffs contend that the trial court erred in failing to conclude that Transamerica is obligated to defend and indemnify all the plaintiffs for costs incurred in defending the Kiewit litigation. In support of this contention, they argue that although Van Winkle applied for the first title insurance policy, it was understood by Transamerica that it was to be issued in the name of 4150 Joint Venture. We perceive no error.

The record contains conflicting evidence whether Transamerica agreed to issue a title insurance policy in the name of 4150 Joint Venture or in Van Winkle's name, and there is evidentiary support for the trial court's determination that Transamerica agreed to issue a title insurance policy solely to Van Winkle. Therefore, this finding will not be disturbed on appeal. *American National Bank v. Quad Construction, Inc.,* 31 Colo.App. 373, 504 P.2d 1113 (1972).

## II

■ Van Winkle contends that the trial court's award of $1,669.07 for litigation expenses is inadequate as it failed to compensate him for litigation expenses incurred prior to his making a demand for defense upon Transamerica and to award him his proportionate share of the $21,000 paid in settlement of the Kiewit litigation. We disagree.

Van Winkle did not obtain private counsel because of a refusal to defend on the part of Transamerica. *Cf. Arizona Title Insurance & Trust Co. v. Pace,* 8 Ariz. App. 269, 445 P.2d 471 (1968); *Buquo v. Title Guarantee & Trust Co.,* 20 Tenn. App. 479, 100 S.W.2d 997 (1936). Rather, Van Winkle elected to retain counsel of his own choice, thereby depriving Transameri-

ca of the opportunity to defend him with counsel of its choice.

■ In regard to the trial court's refusal to award Van Winkle a portion of the $21,000 settlement paid to Kiewit, the record establishes that Van Winkle did not contribute to that sum. As such, there is no error on the part of the trial court in refusing Van Winkle's claim of indemnification for settlement costs.

## III

We agree with plaintiffs' contention that the trial court erred in granting judgment in favor of Transamerica on its counterclaim for costs incurred in defending Summit in the Kiewit litigation. Transamerica's counterclaim against plaintiffs was for damages resulting from their negligent failure to disclose the Kiewit litigation. No other issue was tried to the trial court by plaintiffs' consent or by motion to conform the pleadings to the evidence.

■ In order to establish a claim for negligence, Transamerica was required to prove that plaintiffs had a duty to disclose the existence of the Kiewit litigation when they applied for a title insurance policy in the name of Summit. The existence of a duty is a question of law. *Turner v. Grier,* 43 Colo.App. 395, 608 P.2d 356 (1979). Therefore, we are not bound by the trial court's conclusion regarding the existence of a duty running from plaintiffs to Transamerica.

■ The business of a title insurance company is to ascertain the state of title to property in return for a premium. *See* § 10–11–106, C.R.S. A title insurance policy warrants title to the property in question against defects, liens, and encumbrances. There is "no duty upon one who seeks title insurance to perform the responsibilities of the insurer to ascertain the state of the title." *Bush v. Coult,* 594 P.2d 865 (Utah 1979). Thus, in the absence of fraud or an inquiry by the title insurance company, there is no duty to disclose matters which may affect title to the property.

*Parker v. Title & Trust Co.*, 233 F.2d 505 (9th Cir.1956); *Preferred Risk Mutual Insurance Co. v. Hites*, 125 Ill.App.2d 144, 259 N.E.2d 815 (1970); *see Hollinger v. Mutual Benefit Life Insurance Co.*, 192 Colo. 377, 560 P.2d 824 (1977) (knowing concealment required to avoid insurance policy).

■ Here, Transamerica knew that the property in question abutted the South Platte River on its eastern boundary. The title insurance policy attempted to exclude from the description of the parcel any property acquired by accretion or reliction. (The trial court found this exclusion provision to be void). However, Transamerica made no inquiry of plaintiffs regarding problems arising from movement of the South Platte River. Moreover, the Kiewit litigation was filed in the county in which the insured property is located.

We also reject Transamerica's argument that its negligence claim falls within the ambit of *Restatement (Second) of Torts* § 552 (1976), adopted by this court in *First National Bank v. Collins*, 44 Colo.App. 228, 616 P.2d 154 (1980). Here, there was no supplying of false information and no duty to disclose. *See Restatement (Second) of Torts* § 552 comment a (1976). Therefore, the trial court erred in granting judgment in favor of Transamerica on its counterclaim.

Plaintiffs' remaining contentions of error are without merit.

The portion of the trial court's judgment awarding damages to Transamerica on its counterclaim for negligent failure to disclose is reversed. The remainder of the trial court's judgment is affirmed.

KELLY and METZGER, JJ., concur.